[Cite as *State v. Brown*, 2017-Ohio-4063.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | Case No. 16CA3770 |
| v. | : | |
| | | DECISION AND |
| RAYMOND S. BROWN, | : | JUDGMENT ENTRY |
| Defendant-Appellant. | : | RELEASED: 05/26/17 |

APPEARANCES:

Raymond S. Brown, Chillicothe, Ohio, pro se appellant.

Mark E. Kuhn, Scioto County Prosecuting Attorney, and Jay Willis, Scioto County Assistant Prosecuting Attorney, Portsmouth, Ohio, for appellee.

Hoover, J.

{¶1} Defendant-Appellant, Raymond S. Brown ("Brown"), appeals the judgment of the Scioto County Court of Common Pleas that denied his "Motion to Correct Sentence."

{¶2} On appeal, Brown sets forth four assignments of error. In Brown's first assignment of error, he argues that the trial court erred by increasing his punishment and failing to consider whether his convictions were allied offenses of similar import prior to sentencing him in 2007. In his second assignment of error, Brown claims that the trial court erred by failing to provide him with a statutorily compliant notice of post-release control. In the third assignment of error, Brown contends that the trial court erred by failing to consider his present and future ability to pay court costs and by failing to notify him that community service may result if he fails to pay court costs. Lastly, in Brown's fourth assignment of error, he claims that he was denied effective assistance of counsel.

{¶3}    In contrast, Plaintiff-Appellee, the state of Ohio ("State") responds to Brown's first assignment of error by first arguing that the sentences that were imposed upon Brown were agreed upon by both Brown and his trial counsel. As a result, the agreed sentence is not reviewable on appeal pursuant to R.C. 2953.08(D)(1). Next, the State contends that Brown's "Motion to Correct Sentence" is actually an untimely petition for post conviction relief that should have been dismissed by the trial court. The State also argues that res judicata bars Brown's claims.

{¶4}    With respect to Brown's second assignment of error regarding post-release control, the State remarks that although the trial court's entry may have been inartfully drafted, the entry did in fact provide the mandatory notification regarding post release control.

{¶5}    As for Brown's third assignment of error regarding court costs and community control, the State contends that these arguments are not proper for a post conviction relief petition and that the entry overruling these arguments does not constitute a final appealable order. The State also claims that these arguments are barred by res judicata.

{¶6}    Finally, the State argues in response to Brown's fourth assignment of error of ineffective assistance of counsel that Brown cannot demonstrate a claim of ineffective assistance of counsel. The State further claims that any claim of ineffective assistance is barred by res judicata.

{¶7}    We disagree with all of Brown's arguments. We characterize the claims set forth in Brown's "Motion to Correct Sentence" which are constitutional claims as a post conviction relief petition that was untimely filed; as a result, the trial court did not have jurisdiction to rule on the merits of the motion with respect to the constitutional claims. Rather, the trial court should have dismissed these constitutional claims.

{¶8}    Brown also included in his "Motion to Correct Sentence" non-constitutional claims. Brown had not filed a direct appeal; and using the vehicle of a "Motion to Correct Sentence," he attempts to circumvent appellate procedure by bootstrapping the non-constitutional claims to the constitutional claims. We find that the non-constitutional claims fail because Brown could have argued them in a direct appeal; but he did not do so. The non-constitutional claims are barred by res judicata.

{¶9}    We, therefore, affirm the judgment of the trial court as to the non-constitutional claims; but we modify the judgment with respect to the constitutional claims to reflect that they shall be dismissed for lack of jurisdiction. We thus, affirm the judgment of the trial court as modified.

## I. Facts and Procedural History

{¶10}  In June 2006, a Scioto County Grand Jury indicted Brown on three counts of rape in violation of R.C. 2907.02(A)(1)(b) and (A)(2), felonies of the first degree; three counts of rape in violation of R.C. 2907.02(A)(2), felonies of the first degree; and one count of gross sexual imposition in violation of R.C. 2907.05(A)(1), a felony of the fourth degree.

{¶11}  The indictment arose from Brown's sexual assaults of three different victims, P.B., T.B., and R.S. The girls attended the church where Brown was a youth minister. Brown admitted to having the girls spend the night at his house and having sex over three times with both P.B. and T.B. T. B. was less than thirteen years of age at the time of the offenses. Brown also admitted to rubbing R.S.'s vaginal area and breast. The events regarding T.B. and P.B. allegedly occurred between January 1, 2006 and March 31, 2006. The event regarding R.S. allegedly occurred between March 1999 and March 2002.

{¶12}  In August 2006, Brown filed a motion to determine his competence to stand trial

and to evaluate his sanity at the time of the act. After the parties stipulated to the psychological report, the trial court found Brown competent to stand trial.

{¶13}  In February 2007, Brown pleaded guilty to counts three, four, and five, which were three counts of gross sexual imposition.[1] Counts one, two, six, and seven were dismissed. Brown and his trial attorney both signed a "Maximum Penalty" document and a "Waiver" of Brown's constitutional rights. In March 2007, the trial court sentenced Brown to five-year prison terms on each count to be served consecutively to one another for an aggregate prison term of fifteen years. It further notified Brown that "post release control [was] mandatory in this case and [he] [would] serve a term of post release control of 5 years on each count."[2]  (Docket No. 33).

{¶14}  Brown did not file a direct appeal.

{¶15}  More than nine years later, in August 2016, Brown filed a "Motion to Correct Sentence" claiming multiple constitutional, non-constitutional, and statutory violations relating to his convictions and sentences.  The State filed a motion opposing Brown's "Motion to Correct Sentence." In September 2016, the trial court denied Brown's motion.

{¶16}  On September 15, 2016, Brown filed a timely notice of appeal.

## II. Assignments of Error

{¶17}  On appeal, Brown assigns the following errors for our review:

---

[1]  The parties and the trial court presumably agreed to amend counts three, four, and five from rapes to gross sexual impositions. This court does not have the benefit of the transcripts from the change of plea hearing and the sentencing hearing; however, the "Maximum Penalty" form, the "Waiver" form, the original sentencing entry, as well as the Nunc Pro Tunc sentencing entry all reflect that Brown pleaded guilty to three counts of gross sexual imposition, felonies of the third degree. It is disturbing to this writing judge that the "Waiver" form and the original sentencing entry specifically state that the three counts of gross sexual impositions were in violation of R.C. 2907.06. In addition, in the captions of both the original and the nunc pro tunc sentencing entries, the charges are referred to as "Cts. 5, 6, 7: G.S.I." Most importantly, however, Brown failed to provide a transcript of both the change of plea hearing and the sentencing hearing. In the absence of the transcripts, we must presume regularity in the trial court proceedings. *Mumma v. Cooper,* 4th Dist. Washington No. 02CA11, 2003–Ohio–2507, ¶ 5*; Hartt v. Munobe,* 67 Ohio St.3d 3, 7, 615 N.E.2d 617 (1993); *Knapp v. Edwards Laboratories,* 61 Ohio St.3d 197, 199, 400 N.E.2d 384 (1980).

[2] A nunc pro tunc judgment entry was filed on April 9, 2007 which corrected the Ohio Revised Code section number for Gross Sexual Imposition from R.C. 2907.06 to R.C. 2907.05.

Assignment of Error I:

> The lower court committed prejudicial error in allowing increased punishment
> and multiple convictions.

Assignment of Error II:

> The lower court committed prejudicial error in failing to provide statutory
> compliant notice of post-release control.

Assignment of Error III:

> The lower court committed prejudicial error in ignoring legislative mandates
> concerning financial sanctions.

Assignment of Error IV:

> Appellant was deprived effective assistance of counsel.

### III. Law and Analysis

### A. Brown's "Motion to Correct Sentence" is a Post Conviction Relief Petition

{¶18}   In order to review the trial court's dismissal of Brown's "Motion to Correct Sentence," we must first determine how to characterize the motion. " 'Courts may recast irregular motions into whatever category necessary to identify and establish the criteria by which the motion should be judged.' " *State v. Burkes,* 4th Dist. Scioto No. 13CA3582, 2014–Ohio–3311, ¶ 11, quoting *State v. Schlee,* 117 Ohio St.3d 153, 2008–Ohio–545, 882 N.E.2d 431, ¶ 12.

{¶19}   The Supreme Court of Ohio has held that "[w]here a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for post-conviction relief as defined in R.C. 2953.21." *State v. Reynolds,* 79 Ohio St.3d 158, 679 N.E.2d 1131 (1997), syllabus. A "Motion to Correct or Vacate Sentence, despite its caption, meets the definition of a motion for post conviction relief set forth in R.C.

2953.21(A)(1), because it is a motion that was (1) filed subsequent to [defendant's] direct appeal, (2) claimed a denial of constitutional rights, (3) sought to render the judgment void, and (4) asked for vacation of the judgment and sentence." *Id.*, at 160.

{¶20} "[P]ost-conviction relief petitions are used to assert claims that there was a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio or United States Constitutions." *State v. Kelly*, 4th Dist. Scioto No. 14CA3637, 2014-Ohio-5840, ¶ 4. "It is a means to resolve constitutional claims that cannot be addressed on direct appeal because the evidence supporting the claims is not contained in the record." *Id.*, at ¶ 5, citing *State v. Shaffer,* 4th Dist. Lawrence No. 14CA15, 2014–Ohio–4976, ¶ 9; *State v. Knauff,* 4th Dist. Adams No. 13CA976, 2014–Ohio–308, ¶ 18.

{¶21} Here, the constitutional claims set forth in Brown's "Motion to Correct Sentence" meet the definition of a petition for post conviction relief pursuant to R.C. 2953.21. Brown filed the "Motion to Correct Sentence" after expiration of the time for filing a direct appeal; Brown also claimed in part that his constitutional rights had been violated by the trial court. Brown sought to render the judgment void; and he asked for vacation of the judgment and sentence.

### B. Standard of Review for Post Conviction Relief Petition

{¶22} A trial court's decision granting or denying a post conviction petition filed pursuant to R.C. 2953.21 should be upheld absent an abuse of discretion; a reviewing court should not overrule the trial court's finding on a petition for post conviction relief that is supported by competent, credible evidence. *State v. Bennington,* 4th Dist. Adams No. 12CA956, 2013-Ohio-3772, ¶ 8, citing *State v. Gondor,* 112 Ohio St.3d 377, 2006–Ohio–6679, 860 N.E.2d 77, ¶ 45. The term "abuse of discretion" connotes more than an error of judgment; it implies the court's attitude is unreasonable, arbitrary, or unconscionable. *Id.,* citing *State v. Adams,* 623 Ohio

St.2d 151, 157, 404 N.E.2d 144 (1980).

**C. Brown's "Motion to Correct Sentence" was an Untimely Post Conviction Relief Petition; and thus the Trial Court did not have Jurisdiction to Decide the Merits of the Motion as to the Constitutional Claims**

{¶23}   First of all, limitations exist with the filing of a post conviction relief petition. A petition for post conviction relief is subject to strict filing requirements. Former R.C. 2953.21(A)(2) required a petition for post conviction relief to be filed "no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication * * *. If no appeal is taken * * * the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal." On March 26, 2015, HB 663 took effect and extended the time for filing a petition for post conviction relief to (1) 365 days from the date on which the trial transcript was filed in the court of appeals in the direct appeal of the judgment of conviction or (2) 365 days after the expiration of the time for filing the notice of appeal, if no direct appeal is taken. R.C. 2953.21(A)(2).

{¶24}   If a defendant fails to file his petition within the prescribed period, the trial court may entertain the petition only if: (1) the petitioner shows either that he was unavoidably prevented from discovery of the facts upon which he must rely to present the claim for relief or that the United States Supreme Court recognized a new federal or state right that applies retroactively to him; and (2) the petitioner shows by clear and convincing evidence that no reasonable factfinder would have found him guilty but for constitutional error at trial. R.C. 2953.23(A)(1); *see also State v. McManaway*, 4th Dist. Hocking No. 16CA8, 2016-Ohio-7470, ¶¶ 13-16 (trial court lacks jurisdiction to entertain an untimely petition for post conviction relief unless the untimeliness is excused by statute).

{¶25}  In the case sub judice, Brown's "Motion to Correct Sentence" was clearly filed outside of the 365 days after the expiration of the time for filing the notice of appeal; and consequently, Brown's motion constitutes an untimely petition for post conviction relief. Moreover, Brown failed to argue and establish the applicability of either exception set forth in R.C. 2953.23(A). Consequently, rather than evaluating Brown's motion under an abuse of discretion standard, we find that the trial court lacked jurisdiction to entertain the motion. The trial court technically erred by addressing the merits of Brown's motion. Instead, Brown's motion with respect to the constitutional claims should have been dismissed for lack of jurisdiction. This error does not prejudice Brown, however, because the outcome remains the same. Brown's constitutional claims would have failed regardless because the claims were untimely.

{¶26}  Specifically, Brown's ineffective assistance of counsel claim fails due to the untimeliness of it. Even if not untimely, the ineffective assistance of counsel claim would be barred under the doctrine of res judicata to the extent that Brown's claim is based on matters within the record. The proper time to raise this type of ineffective assistance of counsel argument would have been by direct appeal of the original conviction and sentence. *State v. Allbaugh*, 4th Dist. Athens No. 12CA23, 2013-Ohio-2031; *see also State v. Cole,* 2 Ohio St.3d 112,113–114, 443 N.E.2d 169 (1982); *Evans,* 1990 WL 66937 at *2; *State v. Ledger,* 17 Ohio App.3d 94, 477 N.E.2d 643, paragraph one of the syllabus (8th Dist.1984).

### D. Brown's Post-Release Notification does not Render Sentence Void

{¶27}  Brown also claims the post-release control portion of his sentence is void. Specifically, he claims the trial court erred in imposing three, five-year periods of post-release control. To resolve this issue, "we must interpret and apply the statutes related to postrelease

control and parole. Thus, our review is de novo." *State v. Pelfrey*, 4th Dist. Scioto No. 11CA3418, 2013-Ohio-593, ¶ 8, citing *State v. Lofton,* 4th Dist. Pickaway No. 11 CA16, 2012–Ohio–2274, ¶ 7, citing *State v. Jenkins,* 4th Dist. Scioto No. 10CA3389, 2011–Ohio–6924, ¶ 9.

{¶28}   " '[I]f a sentence is void for failure to include proper postrelease-control notification, the trial court—or the reviewing court—has an obligation to recognize the void sentence, vacate it, and order resentencing.' " *State v. Dawson*, 2d Dist. Greene No. 2012-CA-54, 2013-Ohio-1817, ¶ 8, citing *State v. Harrison*, 2d Dist. Montgomery No. 24471, 2011-Ohio-6803, ¶ 20. " 'Presumably, a trial court, confronted with an untimely or successive petition for postconviction relief that challenges a void sentence, must ignore the procedural irregularities of the petition and, instead, vacate the void sentence and resentence the defendant.' " *State v. Hudson*, 2d Dist. Clark No. 2014 CA 53, 2014-Ohio-5368, ¶ 19, quoting *State v. Holcomb,* 184 Ohio App.3d 577, 2009–Ohio–3187, 921 N.E.2d 1077, ¶ 19 (9th Dist.); *see also State v. Hartley*, 10th Dist. Franklin No. 15AP-192, 2016-Ohio-2854, ¶ 28; *State v. Bandy*, 8th Dist. Cuyahoga Nos. 101785, 101786, 2015-Ohio-1033, ¶ 11.

{¶29}   Therefore, even though Brown's post conviction relief petition was untimely, we will review Brown's Assignment of Error II claiming that his sentence is void for failure to notify him properly of his post-release control conditions.

{¶30}   R.C. 2967.28(B) provides, in relevant part, "*Each* sentence to a prison term * * * for a felony sex offense * * * shall include a requirement that the offender be subject to a period of post-release control imposed by the parole board after the offender's release from imprisonment." (Emphasis added.) Gross sexual imposition is a "felony sex offense" and carries a five-year period of post-release control. R.C. 2967.28(A)(3), (B)(1).

{¶31}   Under these statutes, the trial court was required to impose one, five-year period of post-release control for each sentence to a prison term for a felony sex offense. Because Brown was sentenced to three prison terms on three felony sex offenses, the trial court was required to impose one, five-year period of post-release control on each sentence.

{¶32}   Brown mistakenly believes he was unlawfully sentenced to a 15-year period of post-release control. But under R.C. 2967.28(F)(4)(c), "Periods of post-release control shall be served concurrently and shall not be imposed consecutively to each other." Thus, while the trial court imposed three, five-year periods of post-release control, the trial court did not order that these terms run consecutive to one another. By statute, these periods run concurrently for a total of five years supervision.

{¶33}   After a de novo review, we find that the trial court correctly denied Brown's "Motion to Correct Sentence" based on the claim of a statutorily non-compliant notification of post-release control. We overrule Brown's Assignment of Error II.

### E. Res Judicata Bars all other Non-Constitutional Claims[3]

{¶34}   "Generally, a petitioner cannot raise, for purposes of postconviction relief, an error that could have been raised on direct appeal. In other words, if a petitioner fails to bring an appeal as of right, he cannot raise in a petition for postconviction relief those issues that should have been raised in a direct appeal." (Citations omitted.) *State v. Hobbs*, 4th Dist. Meigs No. 09CA1, 2009-Ohio-7065, ¶ 5.

---

[3] Where a defendant files a post conviction motion claiming his conviction and sentence is void or voidable under the Ohio Constitution or the United States Constitution, any constitutional claims are subject to the requirements of a petition for post conviction relief; and any non-constitutional claims are subject to res judicata. *Compare State v. Berecz*, 4th Dist. Washington No. 16CA15, 2017-Ohio-266 *with State v. Ogle*, 4th Dist. Hocking No. 14CA17, 2014-Ohio-4868.

Res judicata is applicable in all postconviction relief proceedings. * * * " '[P]ublic policy dictates that there be an end of litigation; that those who have contested an issue shall be bound by the result of the contest, and that matters once tried shall be considered forever settled as between the parties.' [Citation omitted.] We have stressed that '[the] doctrine of *res judicata* is not a mere matter of practice or procedure inherited from a more technical time than ours. It is a rule of fundamental and substantial justice, "of public policy and of private peace," which should be cordially regarded and enforced by the courts. * * *' [Citation omitted.]"

*State v. Szefcyk,* 77 Ohio St.3d 93, 95, 671 N.E.2d 233 (1996), citing *Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 401, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981).

{¶35}   In this case, Brown failed to file a direct appeal. Brown's "Motion to Correct Sentence" raises non-constitutional claims that he could have raised in a timely direct appeal. For example, in Brown's Assignment of Error I, he argues that the trial court failed to resolve the issue of merger. This issue could have been raised in a direct appeal and is now barred by res judicata. *State v. Knowles,* 10th Dist. Franklin No. 15AP–991, 2016–Ohio–2859, ¶ 14 (res judicata barred claims in post conviction motion challenging failure to merge allied offenses and imposition of consecutive sentences).

{¶36}   With respect to Assignment of Error III, Brown alleges that the lower court erred by not complying with legislative mandates concerning financial sanctions. Brown claims that the trial court did not notify him that his failure to pay court costs could result in the imposition of community service. Brown also contends that no evidence exists in the record that the trial court considered Brown's present and future ability to pay before the financial sanctions were

imposed. These arguments should also have been raised in a direct appeal and are now barred by res judicata.[4] *State v. Hunter*, 8th Dist. Cuyahoga No. 102245, 2015-Ohio-4180, ¶ 8 (res judicata barred the defendant from raising the issue of the court's failure to properly advise him of his obligation to pay court costs).

{¶37}  All of Brown's assignments of error are overruled.

### IV. Conclusion

{¶38}  We overrule Brown's four assignments of error. With respect to Brown's constitutional claims, these claims were set forth in an untimely post conviction relief petition and are time-barred. The trial court lacked jurisdiction to consider these claims. Therefore, under the authority of App.R. 12(A)(1)(a), we shall modify the judgment appealed to reflect the dismissal of Brown's constitutional claims. The judgment appealed shall remain intact with respect to Brown's remaining meritless claims.

{¶39}  Thus, we affirm the judgment with the modification. *See State v. Brewer*, 2d Dist. Montgomery No. 24910, 2012-Ohio-5406, ¶ 10; *State v. Griffin*, 1st Dist. Hamilton Nos. C-150258 and 150005, 2016-Ohio-782, ¶ 13.

JUDGMENT AFFIRMED AS MODIFIED.

---

[4] It should be noted that Brown did not move the trial court to waive or modify the court costs. The current version of R.C. 2947.23(C) states that a court retains jurisdiction to waive, suspend, or modify court costs "at the time of sentencing or at any time thereafter." Because Brown is claiming error in notification procedures and the trial court's alleged failure to consider his present and future ability to pay, R.C. 2947.23(C) does not apply to the case sub judice.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS AFFIRMED AS MODIFIED. Appellant shall pay the costs.

The Court finds that reasonable grounds existed for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J.: Concurs in Judgment and Opinion.
McFarland, J.: Concurs in Judgment Only.

For the Court

BY: _____
　　　Marie Hoover, Judge

### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**