[Cite as *State v. Osborn*, 2018-Ohio-3866.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ADAMS COUNTY

STATE OF OHIO,                          :
                                        :       Case No. 18CA1064
        Plaintiff-Appellee,             :
                                        :
    vs.                                 :       DECISION AND JUDGMENT
                                        :       ENTRY
MATTHEW OSBORN,                         :
                                        :
        Defendant-Appellant.            :       **Released: 09/21/18**
_____

APPEARANCES:

Matthew Osborn, Chillicothe, Ohio, Appellant, pro se.

David Kelley, Adams County Prosecuting Attorney, and Kris Blanton, Assistant Adams County Prosecuting Attorney, West Union, Ohio, for Appellee.

_____

McFarland, J.

{¶1} Appellant, Matthew Osborne, appeals from the trial court's denial of his "Motion to Correct Sentence." On appeal, Appellant contends that 1) he was denied effective assistance of counsel; and 2) the lower court committed prejudicial error in creating its own sentence. Because Appellant's claim of ineffective assistance of counsel contained in his first assignment of error constituted an untimely petition for post-conviction relief, the trial court lacked jurisdiction to address it and should have dismissed rather than denied it. Next, because Appellant failed to raise

several issues contained in his second assignment of error at the trial court level, he is barred from raising them now for the first time on appeal. However, the remainder of the claims raised under Appellant's second assignment of error are non-constitutional claims that could have been raised on direct appeal and, as such, they were barred by res judicata and properly denied by the trial court.

{¶2} Accordingly, we find no merit to either of Appellant's assignments of error and they are overruled. However, in light of our finding that the trial court lacked jurisdiction to consider the constitutional ineffective assistance of counsel claim contained in Appellant's first assignment of error, under the authority of App.R. 12(A)(1)(a) and in accordance with our disposition of *State v. Brown*, 4th Dist. Scioto No. 16CA3770, 2017-Ohio-4063, ¶ 38, we hereby modify the judgment appealed to reflect dismissal of Appellant's constitutional claim, rather than denial of the claim.

## FACTS

{¶3} In April of 2016, as part of an agreed plea and sentence arrangement, Appellant pleaded guilty to one count of rape, a first-degree felony in violation of R.C. 2907.02(A)(2) and the trial court sentenced him to a seven-year prison term. Appellant did not file a direct appeal of that

decision or sentence. Subsequently, on February 5, 2018, Appellant filed a "Motion to Correct Sentence," the trial court's denial of which is the subject of the current appeal.

{¶4} In his motion, Appellant claimed "that the sentence imposed contain[ed] statutory defects that are not in compliance with the legislature." He argued that the trial court had sentenced him "in lieu of minimum sanctions as mandated by the legislature." Appellant's motion further stated that "the charge itself of Rape, a violation of R.C. §2907.02(A)(2), does not encompass the alleged offenses of Defendant, and are thus contrary to the overriding purposes of felony sentences[,]" and that the lower court "should have considered that it was the alleged victim who induced or facilitated the offense." Appellant further seemed to argue that he should have been found guilty of the lesser offense of sexual imposition, in violation of R.C. 2907.06, and that his trial counsel, either "carelessly or by design," "ignored the evidence and circumvented the statutory language of the General Assembly." Appellant also seemed to argue that the sexual contact at issue was "facilitated" by the victim and, as such, a seven-year prison term was unwarranted. Finally, Appellant stated in his motion that "for due process reasons, the amount of restitution must bear a reasonable relationship to the alleged loss suffered."

{¶5} The State opposed the motion. The trial court construed the motion as a petition for post-conviction relief and ultimately denied the motion on two separate grounds. First, the trial court found that Appellant was "barred from filing an untimely Petition for Relief under §2953.21." Second, the trial court found that the non-constitutional errors could have been raised on direct appeal, that Appellant did not file a direct appeal, and the he was "barred from raising such issues pursuant to *State v. Brown*, 2017 Ohio 4063." It is from the trial court's March 14, 2018, judgment entry denying his motion that Appellant now appeals, setting forth two assignments of error for our review.

## ASSIGNMENTS OF ERROR

"I.    APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL.

II.    THE LOWER COURT COMMITTED PREJUDICIAL ERROR IN CREATING THEIR OWN SENTENCE."

## ASSIGNMENT OF ERROR I

{¶6} In his first assignment of error, Appellant contends that he was denied the effective assistance of counsel at the trial court level. We initially note that before we can review the denial of Appellant's "Motion to Correct Sentence," we first need to determine how to characterize the motion. As this Court recently explained in *State v. Brown, supra,* and as relied upon by

the trial court in its judgment entry, " ' "[c]ourts may recast irregular motions into whatever category necessary to identify and establish the criteria by which the motion should be judged." ' " *Brown* at ¶ 19; quoting *State v. Burkes*, 4th Dist. Scioto No. 13CA3582, 2014-Ohio-3311, ¶ 11; quoting *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, ¶ 12.

{¶7} The Supreme Court of Ohio has held that "[w]here a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for post-conviction relief as defined in R.C. 2953.21." *State v. Reynolds*, 79 Ohio St.3d 158, 679 N.E.2d 1131 (1997), syllabus.  A "Motion to Correct or Vacate Sentence, despite its caption, meets the definition of a motion for post-conviction relief set forth in R.C. 2953.21(A)(1), because it is a motion that was (1) filed subsequent to [defendant's] direct appeal, (2) claimed a denial of constitutional rights, (3) sought to render the judgment void, and (4) asked for vacation of the judgment and sentence." *Id.*, at 160.

{¶8} "[P]ost-conviction relief petitions are used to assert claims that there was a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio or United States Constitutions." *State v. Kelly*, 4th Dist. Scioto No. 14CA3637, 2014–Ohio–5840, ¶ 4.  "It is

a means to resolve constitutional claims that cannot be addressed on direct appeal because the evidence supporting the claims is not contained in the record." *Id.*, at ¶ 5; citing *State v. Shaffer*, 4th Dist. Lawrence No. 14CA15, 2014–Ohio–4976, ¶ 9; *State v. Knauff*, 4th Dist. Adams No. 13CA976, 2014–Ohio–308, ¶ 18.

{¶9} A trial court's decision to grant or deny a R.C. 2953.21 petition for post-conviction relief should be upheld absent an abuse of discretion. *State v. Bennett*, 4th Dist. Scioto No. 15CA3682, 2015–Ohio–3832, ¶ 9; *State v. Gondor*, 112 Ohio St.3d 377, 2006–Ohio–6679, 860 N.E.2d 77, ¶ 58. An "abuse of discretion" is more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary or unconscionable. *State v. Herring*, 94 Ohio St.3d 246, 255, 762 N.E.2d 940 (2002); *State v. Adams*, 60 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980). In reviewing for an abuse of discretion, appellate courts must not substitute their judgment for that of the trial court. *Bennett, supra;* citing *State ex rel. Duncan v. Chippewa Twp. Trustees*, 73 Ohio St.3d 728, 732, 654 N.E.2d 1254 (1995); *In re Jane Doe 1*, 57 Ohio St.3d 135, 137–138, 566 N.E.2d 1181 (1991).

{¶10} Here, Appellant's "Motion to Correct Sentence" included a constitutional claim alleging ineffective assistance of counsel and therefore

the motion met the definition of a petition for post-conviction relief pursuant to R.C. 2953.21.  Further, Appellant filed the "Motion to Correct Sentence" after expiration of the time for filing a direct appeal.  Finally, Appellant's motion seemed to suggest that his sentence was void as a result of the alleged errors and he asked for the sentence to be corrected, which would have involved vacating the original sentence.

{¶11}  However, there are limitations with regard to the filing of a post-conviction relief petition, as well as strict filing requirements.  In particular, R.C. 2953.21(A)(2) provides that the time for filing a petition for post-conviction relief is either 1) 365 days from the date on which the trial transcript was filed in the court of appeals in the direct appeal of the judgment of conviction; or 2) 365 days after the expiration of the time for filing the notice of appeal, if no direct appeal is taken. R.C. 2953.21(A)(2). Further, if a defendant fails to file his petition within the prescribed period, the trial court may entertain the petition only if: (1) the petitioner shows either that he was unavoidably prevented from discovery of the facts upon which he must rely to present the claim for relief or that the United States Supreme Court recognized a new federal or state right that applies retroactively to him; and (2) the petitioner shows by clear and convincing evidence that no reasonable factfinder would have found him guilty but for

constitutional error at trial. R.C. 2953.23(A)(1); *see also State v. McManaway*, 4th Dist. Hocking No. 16CA8, 2016–Ohio–7470, ¶¶ 13–16 (trial court lacks jurisdiction to entertain an untimely petition for post-conviction relief unless the untimeliness is excused by statute).

{¶12} Here, Appellant's "Motion to Correct Sentence" was clearly filed outside of the 365 days after the expiration of the time for filing the notice of appeal and therefore constitutes an untimely petition for post-conviction relief.  Further, Appellant did not argue the applicability of either exception set forth in R.C. 2953.23(A).  As such, we do not apply an abuse of discretion standard of review to this argument and instead conclude that the trial court lacked jurisdiction to entertain the motion. Thus, the trial court technically erred by denying this claim, and instead should have dismissed the motion, for lack of jurisdiction, with respect to this constitutional claim which was untimely filed.  Nonetheless, the outcome remains the same, which is that Appellant's claim fails.  Accordingly, Appellant's first assignment of error is overruled.  However, in light of our finding that the trial court lacked jurisdiction to consider this constitutional claim, under the authority of App.R. 12(A)(1)(a), and in accordance with our disposition of *State v. Brown, supra,* at ¶ 38, we hereby modify the judgment appealed to

reflect dismissal of Appellant's constitutional claim, rather than denial of the claim.

## ASSIGNMENT OF ERROR II

{¶13} The arguments raised in Appellant's second assignment of error are opaque. First, he seems to argue that his actions which formed the basis of the rape charge below were "amoral" and "questionable," but not "illegal under Ohio law." Appellant further describes his seven-year prison sentence as "perverse," claims there was a "mandatory provision" added to his sentence that was not agreed to (but does not explain what that provision was), and also simply states "the substantial compliance standard mandated by Criminal Rule 11 was ignored." Additionally, Appellant asserts that the sentencing court "did not hold the appropriate hearing before imposing financial sanctions[,]" that the trial court failed to consider his present and future ability to pay either a financial sanction or a fine, and that the trial court failed to notify him of the possibility of community service in lieu of payment, as provided in R.C. 2947.23. Finally, he claims the trial court failed to notify him of his constitutional right of appeal.

{¶14} We initially note that Appellant failed to provide this Court with copies of the plea and sentencing hearing transcripts. "When portions of the transcript necessary for resolution of assigned errors are omitted from

the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980). Moreover, "[t]he duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record." *Id.* Thus, because Appellant's arguments regarding the trial court's compliance with Crim.R. 11, the trial court's consideration of his present and future ability to pay financial sanctions, and the trial court's duty to advise him regarding the possible performance of community service and right to appeal, all require review of the transcripts, which are not part of the record, we presume the validity of the trial court's proceedings and affirm.

{¶15} We also note that some of the arguments raised under this assignment of error were not contained in his "Motion to Correct Sentence," and thus, are being raised for the first time on appeal. In particular, Appellant's underlying motion did not allege failure to comply with Crim.R. 11, that the trial court failed to hold a hearing or failed to properly consider his present or future ability to pay financial sanctions, or that the trial court failed to advise him of his constitutional right of appeal. As such, we will

not address them for the first time on appeal. *See generally State v. Quarterman*, 140 Ohio St.3d 464, 2014–Ohio–4034, 19 N.E.3d 900, ¶ 15. It is well-settled law in Ohio that appellate courts will not consider as error issues that are raised for the first time on appeal. *Schade v. Carnegie Body Co.,* 70 Ohio St.2d 207, 210, 436 N.E.2d 1001 (1982); *see also Ohio Performance, Inc. v. Nelson*, 4th Dist. Scioto No. 94CA2226, 1995 WL 103634, (Mar. 7, 1995) ("It is axiomatic that a litigant's failure to raise an issue in the trial court waives the litigant's right to raise that issue on appeal. * * * Litigants must not be permitted to hold their arguments in reserve for appeal, thus evading the trial court process.").

{¶16} Appellant's remaining claims are non-constitutional claims, which seem to challenge both his conviction and sentence. Specifically, Appellant appears to contend that his actions did not constitute the crime of rape and that his seven-year prison sentence was excessive. Initially, we note that the record indicates Appellant pleaded guilty to first-degree felony rape as charged in the indictment. Again, the record before us does not contain the plea or sentencing hearing transcripts and we must presume the regularity of those proceedings. Further, the record indicates that Appellant pleaded guilty in exchange for an agreed-upon seven year prison term.

{¶17} R.C. 2953.08(D)(1) states, "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." "In other words, a sentence that is 'contrary to law' is appealable by a defendant; however, an agreed-upon sentence may not be if (1) both the defendant and the state agree to the sentence, (2) the trial court imposes the agreed sentence, and (3) the sentence is authorized by law. R.C. 2953.08(D)(1). If all three conditions are met, the defendant may not appeal the sentence." *State v. Underwood,* 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 16.

{¶18} Moreover, a petitioner generally cannot raise, for purposes of post-conviction relief, "an error that could have been raised on direct appeal." *State v. Hobbs*, 4th Dist. Meigs No. 09CA1, 2009–Ohio–7065, ¶ 5. "In other words, if a petitioner fails to bring an appeal as of right, he cannot raise in a petition for postconviction relief those issues that should have been raised in a direct appeal." *Id.* (Citations omitted.) As explained in *State v. Szefcyk*, 77 Ohio St.3d 93, 95, 671 N.E.2d 233 (1996):

> "Res judicata is applicable in all postconviction relief proceedings. * * * ' "[P]ublic policy dictates that there be an end of litigation; that those who have contested an issue shall be bound by the result of the contest, and that matters once tried

shall be considered forever settled as between the parties."
[Citation omitted.] We have stressed that "[the] doctrine of res
judicata is not a mere matter of practice or procedure inherited
from a more technical time than ours. It is a rule of fundamental
and substantial justice, 'of public policy and of private peace,'
which should be cordially regarded and enforced by the courts.
* * *" [Citation omitted.]' " Citing *Federated Dept. Stores, Inc.
v. Moitie*, 452 U.S. 394, 401, 101 S.Ct. 2424 (1981).

Here, Appellant failed to file a direct appeal.  Because these non-

constitutional claims could have raised in a timely direct appeal but were

not, they are now barred by res judicata. *State v. Brown, supra,* at ¶ 35;

citing *State v. Knowles*, 10th Dist. Franklin No. 15AP–991, 2016–Ohio–

2859, ¶ 14.  Accordingly, Appellant's second assignment of error is

overruled.

## CONCLUSION

**{¶19}**  Based on the foregoing, we overrule both of Appellant's

assignments of error.  Appellant's constitutional claim raised under his first

assignment of error is barred as it is an untimely petition for post conviction

relief.  As a result, and as set forth above, the trial court lacked jurisdiction

to consider it and should have dismissed, rather than denied, the claim.

Accordingly, the judgment appealed is affirmed but modified, under the

authority of App.R. 12(A)(1)(a), to reflect the dismissal of Appellant's

constitutional claim.  *State v. Brown, supra,* at ¶ 38.  The judgment of the

trial court shall remain intact with respect to Appellant's remaining meritless

claims.

**JUDGMENT AFFIRMED
AS MODIFIED.**

## JUDGMENT ENTRY

It is ordered that the JUDGMENT BE AFFIRMED AS MODIFIED and costs be assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Adams County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Hoover, P.J.:  Concurs in Judgment and Opinion.
Abele, J.:      Concurs in Judgment Only.

For the Court,

BY: _____
       Matthew W. McFarland, Judge

**NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**