[Cite as *State v. Payton*, 2022-Ohio-1726.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

STATE OF OHIO,                           :
                                         :          Case No. 21CA3952
        Plaintiff-Appellee,              :
                                         :
        v.                               :          DECISION AND JUDGMENT
                                         :          ENTRY
DANIEL G. PAYTON,                        :
                                         :
        Defendant-Appellant.             :

_____

APPEARANCES:

Daniel G. Payton, Chillicothe, Ohio, Appellant Pro Se.

Shane A. Tieman, Scioto County Prosecuting Attorney, and Jay Willis, Assistant
Prosecuting Attorney, Portsmouth, Ohio, for Appellee.

_____

Smith, P.J.

        {¶1} Daniel G. Payton appeals the June 4, 2021 "Judgment Entry on Motion

to Set Aside and Vacate Plea," in which his underlying motion was denied by the

Scioto County Court of Common Pleas.  Because we have characterized Payton's

"Motion to Set Aside and Vacate Plea" as an untimely-filed petition for

postconviction relief, we conclude the trial court lacked jurisdiction to entertain

the constitutional claims raised in his motion, and his motion should have been

dismissed.  Consequently, the judgment of the trial court is modified in order to

reflect that his constitutional claims should have been dismissed for lack of

jurisdiction. *See State v. Bear,* 4th Dist. Gallia No. 20CA9, 2021-Ohio-1539, at fn1. Further, because Payton has abandoned his arguments made in the trial court and has raised a "Megan's Law" argument for the first time in this appeal, we find this argument to be barred by waiver and application of the doctrine of res judicata. Accordingly, Payton's appeal is dismissed.

## FACTUAL AND PROCEDURAL BACKGROUND

{¶2} The brief facts summarizing the underlying trial court case were previously set forth in *State v. Payton,* 4th Dist. Scioto No. 17CA3793, 2018-Ohio-1376, at ¶¶ 3-4 "*Payton I.*" The Scioto County Grand Jury returned an indictment charging Daniel G. Payton with aggravated murder and rape. Payton subsequently pled guilty to both counts. In October 2005, the court entered a judgment convicting Payton upon his guilty pleas, after finding his plea was voluntary, and was knowingly and intelligently made. The trial court proceeded to sentence Payton to a prison term of 20 years to life for aggravated murder and nine years for rape. These sentences were ordered to run consecutively, and also to run consecutive to a 30-year prison term Payton was already serving for other rape crimes. Payton did not file a direct appeal from the 2005 sentencing entry.

{¶3} In 2016, Payton filed a "Verified Motion to Correct Sentence," in which he conceded that he was not "challenging his convictions nor his guilty plea." Rather, Payton contended that his sentence was "contrary to law" because it

was not an "agreed sentence." He contended that it was "open sentencing" and the trial court "erred in sentencing him to mandatory, more than minimum, and consecutive terms" without including "the required language to impose mandatory or consecutive terms" that he argued were mandatory under R.C. 2929.13(F) and R.C. 2929.14(E)(4). Payton also claimed that the trial court failed to notify him in the sentencing entry of his right to appeal those parts of his sentence that were contrary to law.

{¶4} The trial court denied Payton's motion to correct his sentence, noting that it had reviewed the record and found that Payton "specifically acknowledged that if the Court accepted the guilty plea that the jointly recommended sentence was what he received" and that the Court "sentenced exactly according to the very recommendation [Payton] was jointly making." The trial court also found that before accepting Payton's guilty plea, it reviewed the terms of the agreement and explicitly asked Payton if he understood the agreement and determined that he had entered into the agreement knowingly, intelligently, and voluntarily. The Court also found that because the sentence was a jointly recommended sentence, the court was not required to make consecutive-sentence findings in order for the sentence to be authorized by law and not appealable. In the alternative, the Court noted that it did make the requisite sentencing findings even though it did not need to do so. Payton appealed this decision.

{¶5} In this Court's decision affirming the trial court in *Payton I*, we observed that the record contains the trial court's unrebutted statement in Payton's 2004 sentencing entry that the sentence imposed constituted an agreed sentence. *Id*. at ¶ 9. We also observed that Payton signed a written plea agreement, a "waiver of rights," and an "acknowledgment of penalties." *Id*. We found that the trial court properly imposed a prison term within the statutory range for Payton's rape conviction and that the trial court made the requisite findings to impose consecutive sentences for rape convictions. *Id*. at ¶ 13. Finally, we also found the trial court did not violate R.C. 2953.08 by failing to notify Payton in the sentencing entry that he could appeal his agreed sentence if he believed it to be contrary to law. *Id*. at ¶ 14. We concluded that Payton's motion to correct sentence was meritless and that the trial court did not err by holding that his agreed sentence was not reviewable and thus, did not err by denying the motion. *Id*. at ¶ 15. Accordingly, we affirmed the trial court's decision.

{¶6} On May 20, 2021, Payton filed a "Motion to Set Aside Judgment and Vacate Plea." In the motion, Payton asserted that the plea hearing of October 2005 was contrary to law as well as statutory and constitutional authority, and that his plea was tainted and his sentence void because: (1) the trial court had no statutory authority to impose postrelease control (PRC) in his case and (2) no three-judge panel had presided over his plea as required by Crim.R. 11, and therefore, the trial

court did not have jurisdiction to accept this plea or sentence him. On June 4, 2021, the trial court denied this motion.

{¶7} In the trial court's Judgment Entry on Motion to Set Aside Judgment and Vacate Plea, the appealed-from entry herein, the trial court observed:

> The Defendant was originally charged with aggravated murder with two specifications. The Court dismissed the second specification in May 2005. Thus, on October 27, 2005, Count One charged aggravated murder, with one specification. The Court then accepted the plea and dismissed the remaining specification. * * * Thus, no three-judge court was required and the acceptance of the plea of guilty was appropriate and in accordance with Criminal Rule 11.[1] * * * As to Defendant's contention that he was not subject to mandatory PRC, the Defendant misreads the record. In fact, the Sentencing Entry of October 27, 2005 specifically states that PRC was mandatory for up to five years on Count Two. The Court did not impose PRC on Count One. As such, the Defendant's contention is incorrect and the sentence is valid.

{¶8} This appeal followed.

## ASSIGNMENT OF ERROR

I.      THE LOWER COURT COMMITTED PREJUDICIAL ERROR IN FAILING TO VACATE THE TAINTED PLEA.

## A. STANDARD OF REVIEW

---

[1]The trial court specifically noted that Payton's case squarely fit the exception for acceptance of a plea of guilty pursuant to Crim.R. 11(C)(3), which provides an exception to the requirement for a three-judge panel when "if the indictment contains one or more specifications, and a plea of guilty or no contest to the charge is accepted, the court shall impose the sentence provided by law" and found acceptance of his plea was proper.

{¶9} A trial court's decision granting or denying a postconviction petition filed pursuant to R.C. 2953.21 is reviewed for an abuse of discretion and a reviewing court should not overrule the trial court's finding on a petition for postconviction relief that is supported by competent, credible evidence. *See State v. Bear,* supra, at ¶ 13; *State v. Bennington,* 4th Dist. Adams No. 12CA956, 2013-Ohio-3772, ¶ 8, citing *State v. Gondor,* 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 45. The term "abuse of discretion" connotes more than an error of judgment; it implies the court's attitude is unreasonable, arbitrary, or unconscionable. *Id.,* citing *State v. Adams*, 623 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

## B. LEGAL ANALYSIS

{¶10} We begin with a discussion of "irregular motions" and the import of these motions being timely filed and supported. As explained in *State v. Brown,* 4th Dist. Scioto No. 16CA3770, 2017-Ohio-4063, ¶ 18, " ' "[c]ourts may recast irregular motions into whatever category necessary to identify and establish the criteria by which the motion should be judged." ' " *Id.,* quoting *State v. Burkes*, 4th Dist. Scioto No. 13CA3582, 2014-Ohio-3311, ¶ 11, in turn quoting *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, ¶ 12. "An irregular motion may meet the definition of a petition for postconviction relief set forth in R.C. 2953.21(A)(1), if the motion was ' "(1) filed subsequent to [defendant's]

direct appeal, (2) claimed a denial of constitutional rights, (3) sought to render the judgment void, and (4) asked for vacation of the judgment and sentence." ' " *State v. Bear, supra,* at ¶ 10, quoting *State v. Brown,* 4th Dist. Scioto No. 16CA3770, 2017-Ohio-4063, ¶ 19, quoting *State v. Reynolds,* 79 Ohio St. 3d 158, 679 N.E.2d 1131, at 160.

{¶11} Here we construe Payton's "Motion to Set Aside Judgment and Vacate Plea" as an irregular motion seeking postconviction relief. The motion claimed a denial of Payton's constitutional rights, sought to render the sentence void, and asked for vacation of his plea and the judgment. However, there are timelines for the filing of such motions.

{¶12} R.C. 2953.21(A)(2)(a) provides that a petition for postconviction relief must be filed "no later than 365 days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication." Payton was convicted in 2005 and did not pursue a direct appeal. R.C. 2953.21(A)(2)(a) further provides: "If no appeal is taken, except as otherwise provided in section 2953.23 of the Revised Code, the petition shall be filed no later than 365 days after the expiration of the time for filing the appeal." Obviously, any motion pursuant to R.C. 2953.21 is time-barred.

{¶13} Additionally, R.C. 2953.23(A) provides that a court may not entertain a petition filed after the expiration of the period prescribed in division R.C.

2953.21(A), or a second petition or successive petitions for similar relief on behalf

of a petitioner, (Payton's motion is a second petition), unless division (A)(1) or (2)

applies.

> (1)  Both of the following apply:
>
> (a)  Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
>
> (b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted…."

R.C. 2953.23(A)(1).[2]

{¶14} Payton did not attach any supporting evidence which would entitle

him to relief under R.C. 2953.23.  He did not show that he was unavoidably

prevented from the discovery of facts upon which he must rely, that the United

States Supreme Court recognized a new federal or state right that applies

retroactively to him, or that but for constitutional error, no reasonable factfinder

would have found him guilty of the offenses of which he was convicted.  Thus, we

---

[2] R.C. 2953.23(A)(2) is not applicable to Payton's appeal

conclude that Payton's motion is also an unsupported successive petition for postconviction relief which the trial court had no jurisdiction to consider. Because Payton's motion was untimely and unsupported, rather than considering the merits of Payton's vague constitutional argument, the trial court should have dismissed the motion.

{¶15} Even if Payton's underlying motion was not deficient due to the untimeliness under R.C. 2953.21 and lack of support under R.C. 2953.23, we would also find his appeal to be barred by waiver and res judicata. Furthermore, were we to consider the merits of his argument on appeal, we would find no merit. In the underlying motion, Payton argued his sentence was void due to the lack of a three-judge sentencing court and alleged incorrect imposition of PRC. On appeal, Payton makes a completely different argument that the trial court had no constitutional or statutory authority to impose a sentence that is contrary to law. In this appeal, Payton specifically argues that the common pleas judge failed to address the Chapter 2950 mandates for registration and sexual offender classification under R.C. 2950.09(B)(1), "Megan's Law," which are part of the penalty imposed upon him.

{¶16} Payton did not bring his "Megan's Law" argument before the trial court, and the arguments he did pursue in the underlying motion are not argued in his appellate brief. "It is well-established that the '[f]ailure to raise at the trial

court level the issue of the constitutionality of a statute or its application, which issue is apparent at the time of trial, constitutes a waiver of such issue and a deviation from this state's orderly procedure, and therefore need not be heard for the first time on appeal.' " *State v. Althouse,* 4th Dist. Ross No.16CA3578, 2018-Ohio-780, at ¶ 11, quoting *State v. Awan,* 22 Ohio St.3d 120, 489 N.E.2d 277 (1986), syllabus. Therefore, Payton has waived any issue with regard to the "Megan's Law" notification and registration.

{¶17} Additionally, the doctrine of res judicata is applicable in all postconviction relief proceedings and provides that: " 'a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction, or on an appeal from that judgment.' " *State v. Boler,* 4th Dist. Athens No. 18CA2, 2018-Ohio-3722, ¶ 19, quoting *State v. Szefcyk,* 77 Ohio St.3d 93, 95, 671 N.E.2d 233 (1996). Payton could have raised any issue with regard to the court's obligations under "Megan's Law" in a direct appeal and did not do so. Consequently, Payton's argument is now barred by res judicata.

{¶18} Finally, were we to consider Payton's argument, we would find it to be without merit. The "Megan's Law" requirements are not considered to be part

of Payton's sentence.  The Supreme Court of Ohio has detailed the background of

the sex-offender classification system in Ohio, which we discussed at length in

*State v. Megarry,* 2018-Ohio-4242, 122 N.E. 3d 220, (4th Dist.) as follows:

> In 1996, the General Assembly enacted "Megan's Law," which revised R.C. Chapter 2950 and established a comprehensive system of classifying sex offenders into three categories: sexually oriented offenders, habitual sex offenders, and sexual predators.  Former R.C. 2950.09, 146 Ohio Laws, Part II, 2618.
>
> Then, in 2007, the General Assembly enacted the Adam Walsh Act, which 'repealed Megan's Law, effective January 1, 2008, and replaced it with new standards for sex-offender classification and registration pursuant to the federal Adam Walsh Child Protection and Safety Act, Section 16901 et seq., Title 42, U.S. Code.' *Bundy v. State,* 143 Ohio St.3d 237, 2015-Ohio-2138, 36 N.E.3d 158, ¶ 5. This scheme, which the General Assembly codified in R.C. Chapter 2950, divides sex offenders into Tier I, Tier II, and Tier III sex or child-victim offenders.  R.C. 2950.01(E) through (G).  *In re Von,* 146 Ohio St.3d 448, 2016-Ohio-3020, 57 N.E.3d 1158, ¶¶ 14-15.

*Megarry, supra,* at ¶ 15.

{¶19} This court further explained that under the Adam Walsh Act, the sex-

offender classification is part of the offender's criminal sentence.  *See Megarry,*

*supra,* at ¶ 16; *State v. Lawson,* 1st Dist. Hamilton Nos. C-120077 and C-120067,

2012-Ohio-5281, at ¶ 18, citing *State v. Williams*, 129 Ohio St. 3d 344, 2011-Ohio-

3374, 952 N.E.2d 1108, at ¶¶ 10-20; *State v. Halsey*, 2016-Ohio-7990, 74 N.E.3d

915, ¶ 18 (12th Dist.) ("sex offender classification pursuant to the Adam Walsh

Act ("AWA") amendments is punitive and therefore part of the 'sentence' ").  We

also observed that, similar to Payton's convictions, Megarry's convictions stemmed

from a sex offense that occurred prior to the 2008 effective date of the Adam

Walsh Act; therefore, they were governed instead by Ohio's version of "Megan's

Law." *See McGarry, supra,* at ¶ 17; *Williams* at ¶ 22 and *Von* at ¶ 16. We noted:

> "Megan's Law" sex-offender classification proceedings are remedial instead of punitive, civil in nature, and not part of the criminal sentence; *See State v. Bates,* 5th Dist. Guernsey No. 13CA9, 2013-Ohio-4768, ¶ 28, citing *State v. Cook,* 83 Ohio St.3d 404, 700 N.E.2d 570 (1998), and *Williams* ("the Ohio Supreme Court determined that the classification scheme contained in former R.C. 2950 ("Megan's Law") is civil in nature and has the valid remedial and non-punitive purpose of protecting the public. * * * Under "Megan's Law," the sexual offender classification is not part of a defendant's sentence or underlying criminal conviction but is a civil action within the underlying criminal case"). "[U]nlike correcting a sentence already served, addressing classification and registration requirements according to "Megan's Law" is different because such requirements are 'collateral consequence[s] of the offender's criminal acts rather than a form of punishment per se.' " *State v. Ferguson,* 120 Ohio St.3d 7, 2008-Ohio-4824 [896 N.E.2d 110], ¶ 34, (superseded by statute as stated in *State v. Jarvis,* Ohio Slip Opinion No. 2021-Ohio-3712, --N.E.3d --.)

*See Megarry, supra,* at ¶ 17; *State v. Sturgill,* 2017-Ohio-2736, 90 N.E. 3d 44, at

¶ 18 (4th Dist.), citing *State v. Bell,* 12th Dist. Clermont No. CA2015-10-077,

2016-Ohio-7363, at ¶ 12.

{¶20} Based on the foregoing, were we to consider Appellant's argument

that his sentence is contrary to law, we would find no merit. In general, a trial

court is not obligated to inform a defendant about collateral consequences before

accepting a plea, and its failure to do so does not render the plea invalid. *See State v. Wright,* 2d Dist. Montgomery No. 28368, 2021-Ohio-04107, at ¶ 26, citing *State v. Stape,* 2d Dist. Montgomery No. 22586, 2009-Ohio-420, at ¶ 19. Given that the "Megan's Law" requirements are collateral in nature and not part of Payton's criminal sentence, any failure to apprise Payton of these requirements does not render his plea invalid.

{¶21} We conclude that the trial court had no jurisdiction to consider Payton's postconviction motion, which was not timely under R.C. 2953.21 or supported under R.C. 2953.23. The motion should have been dismissed. Were we to consider Payton's claim alleging a failure to inform him of the requirements of "Megan's Law," we would find his argument is barred by waiver, by application of the doctrine of res judicata, and otherwise without merit. Accordingly, we affirm the judgment of the trial court but modify it to reflect that Payton's motion to set aside the judgment and vacate his plea should have been dismissed. *See Bear, supra,* at ¶ 41. Payton's appeal is dismissed.

**JUDGMENT MODIFIED. APPEAL DISMISSED.**

## JUDGMENT ENTRY

It is ordered that the APPEAL BE DISMISSED AND JUDGMENT BE MODIFIED to reflect dismissal of the underlying untimely petition for Judgment Entry on Motion to Set Aside and Vacate Plea. Appellee shall recover any costs from Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. and Hess, J., concur in Judgment and Opinion.

For the Court,

_____

Jason P. Smith
Presiding Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**