[Cite as *State v. Bear*, 2019-Ohio-466.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
GALLIA COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | Case No. 18CA8 |
| Plaintiff-Appellee, | : | |
| | : | |
| vs. | : | DECISION AND JUDGMENT |
| | : | ENTRY |
| SAMUEL E. BEAR, | : | |
| | : | |
| Defendant-Appellant. | : | **Released: 02/08/19** |

_____

APPEARANCES:

Samuel E. Bear, Caldwell, Ohio, Pro Se Appellant.

Jason D. Holdren, Gallia County Prosecuting Attorney, and Jeremy Fisher, Assistant Prosecuting Attorney, Gallipolis, Ohio, for Appellee.

_____

McFarland, J.

{¶1} Samuel E. Bear appeals the final judgment of the Gallia County Common Pleas Court, entered June 4, 2018, which denied his Petition for Post-Conviction Relief. Appellant's first assignment of error challenges the trial court's denial of his petition without an evidentiary hearing. The second assignment of error asserts that his conviction is null and void pursuant to R.C. 2152.12(H). Upon review, we find the trial court did not abuse its discretion in denying his petition and various subsequent, related

motions.  Accordingly, we overrule Appellant's assignments of error and affirm the judgment of the trial court.

FACTUAL AND PROCEDURAL BACKGROUND

{¶2} A Bill of Information alleging Appellant committed two acts of rape in violation of R.C. 2907.02(A)(2), felonies of the first degree, was filed with the Gallia County Clerk of Courts on June 27, 2017.  The allegations involved two different child victims, John Doe 1 and John Doe 2.  On that same date, Appellant, in open court and with the assistance of legal counsel, pleaded guilty to both counts.

{¶3} The record reveals Appellant is a Mennonite.  The counts stem from criminal acts which occurred to John Doe 1 and John Doe 2 when Appellant's sister, also a Mennonite, provided child care to them in 2009 and 2010 in Gallia County, Ohio.  Several years later, Appellant wrote a letter to the children's mother confessing his actions and asking forgiveness.  In April 2016, the children's mother notified the proper authorities and assisted the Ohio Bureau of Criminal Investigation in obtaining a recorded statement.  On the advice of Appellant's friends, Appellant thereafter obtained an attorney.  It appears the Gallia County authorities took no action in the matter for approximately one year.

{¶4} Appellant was represented by Attorney Jeff Finley. The record indicates Appellant and his attorney had several discussions in person at Attorney Finley's office, and over the telephone, regarding a plea agreement offered by the prosecutor's office and later accepted on June 27, 2017. At the plea hearing, Appellant waived various rights including his right to a grand jury. He also executed a written waiver of right to a jury trial.

{¶5} The trial court's journal entry dated June 27, 2017 found that Appellant was afforded all rights pursuant to Criminal Rules 11 and 32; and that Appellant's plea was knowingly, intelligently, and voluntarily made with a full awareness of the possible consequences of his plea. The court ordered a pre-sentence investigation report to be completed. Appellant's sentencing was continued to July 6, 2017.

{¶6} On July 6, 2017, Appellant was sentenced to a stated prison term of eight years on each count. The trial court ordered the sentences be served concurrently. The trial court's Sentencing Entry dated July 10, 2017 reflects that Appellant entered an agreed guilty plea with a recommended sentence.

{¶7} Appellant did not pursue a direct appeal. On November 6, 2017, Appellant filed a Petition for Post-Conviction Relief.[1] On June 4, 2018, the

---

[1] Additionally, within a very short time after filing his Post-Conviction Petition, Appellant filed a Motion for Summary Judgment; Motion to Amend Pleadings and Amended Motion for Summary Judgment with attached documentation; Motion for Judgment on the Pleadings; Petitioner's Traverse; and on March 14,

trial court entered the journal entry denying Appellant's petition and the various motions. This timely appeal followed.

## ASSIGNMENTS OF ERROR

"I. THE TRIAL ABUSED ITS DISCRETION BY DISMISSING THE PETITION FOR POST-CONVICTION RELIEF WITHOUT AN EVIDENTIARY HEARING."

"THE TRIAL COURT ERRED IN THAT IT HELD TO THE MISTAKEN BELIEF THAT APPELLANT WAS AN ADULT AT THE TIME OF COMMITTING THE OFFENSE WHICH PURSUANT TO R.C. 2152.12(H) NULLIFES APPELLANT'S CURRENT CONVICTION."

## STANDARD OF REVIEW

{¶8} The post-conviction relief process is a collateral civil attack on a criminal judgment rather than an appeal of the judgment. *State v. Betts,* 4th Dist. Vinton No. 18CA710, 2018-Ohio-2720, at ¶ 11; *State v. Calhoun*, 86 Ohio St.3d 279, 281, 714 N.E.2d 905 (1999). Post-conviction relief is not a constitutional right; instead, it is a narrow remedy that gives the petitioner no more rights than those granted by statute. It is a means to resolve constitutional claims that cannot be addressed on direct appeal because the evidence supporting the claims is not contained in the record. *State v. McDougald*, 4th Dist. Scioto No. 16CA3736, 2016-Ohio-5080, ¶ 19-20, citing *State v. Knauff,* 4th Dist. Adams No. 13CA976, 2014–Ohio–308, ¶ 18.

2018, a Motion to Proceed to Judgment. These later motions continue Appellant's primary arguments that his sentence is a nullity under R.C. 2152.12(H) and his counsel was ineffective.

{¶9} "[A] trial court's decision granting or denying a post-conviction relief petition filed pursuant to R.C. 2953.21 should be upheld absent an abuse of discretion; a reviewing court should not overrule the trial court's finding on a petition for post-conviction relief that is supported by competent and credible evidence." *Betts, supra*, at ¶ 12, quoting *State v. Gondor,* 112 Ohio St.3d 377, 2006–Ohio–6679, 860 N.E.2d 77, ¶ 58. A trial court abuses its discretion when its decision is unreasonable, arbitrary, or unconscionable. *In re H.V.,* 138 Ohio St.3d 408, 2014–Ohio–812, 7 N.E.3d 1173, ¶ 8.

{¶10} A petitioner seeking post-conviction relief is not automatically entitled to an evidentiary hearing. *Betts, supra,* at ¶ 13, citing *State v. Black,* 4th Dist. Ross No. 15CA3509, 2016-Ohio-3104, ¶ 9, citing *State v. Calhoun,* 86 Ohio St.3d 279, 282, 714 N.E.2d 905 (1999); *State v. Slagle,* 4th Dist. Highland No. 11CA22, 2012–Ohio–1936, ¶ 13. Rather, before granting a hearing on a petition, the trial court must first determine that substantive grounds for relief exist. R.C. 2953.21(C). "Substantive grounds for relief exist and a hearing is warranted if the petitioner produces sufficient credible evidence that demonstrates the petitioner suffered a violation of the petitioner's constitutional rights." *In re B.C.S.,* 4th Dist. Washington No. 07CA60, 2008–Ohio–5771, ¶ 11. Furthermore, in order to merit a hearing,

the petitioner must show that the claimed "errors resulted in prejudice." *Id.,* quoting *Calhoun* at 283.

{**¶11**} Additionally, res judicata applies to proceedings involving post-conviction relief. *Betts* at ¶ 14 citing *Black* at ¶ 10, citing *State v. Szefcyk,* 77 Ohio St.3d 93, 95, 671 N.E.2d 233 (1996). "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." *State v. Perry,* 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus. "Therefore, 'any issue that could have been raised on direct appeal and was not is res judicata and not subject to review in subsequent proceedings.' " *Black* at ¶ 10, citing *State v. Segines,* 8th Dist. Cuyahoga No. 99789, 2013–Ohio–5259, ¶ 8, quoting *State v. Saxon,* 109 Ohio St.3d 176, 2006–Ohio–1245, 846 N.E.2d 824, ¶ 16.

## LEGAL ANALYSIS

{**¶12**} For ease of analysis, we consider Appellant' assignments of error jointly. In Appellant's Petition for Post-Conviction Relief, he asserted that he was rendered ineffective assistance of counsel due to his counsel's

alleged collusion with the prosecution and a failure to raise an allied offenses argument. He further asserted that his sentence is unauthorized by law, in essence, because the crimes were perpetrated at "one scene" and "during the same time period." In one of the supplemental pleadings, Appellant attached a letter he received from his counsel prior to sentencing and purported the letter was evidence that his counsel was advocating for the State of Ohio. In another supplemental pleading, Appellant's Amended Motion for Summary Judgment, Appellant asserted that he was a juvenile when the rapes occurred.

{¶13} The trial court's decision denying the motion for post-conviction relief, as well as all of Appellant's subsequent related motions, states:

> "The Court finds the Petitioner has failed to present any credible evidence that demonstrates the Petitioner suffered a violation of his constitutional rights; he has not shown substantive grounds for relief and Petitioner is not entitled to an evidentiary hearing."

{¶14} In his brief, Appellant re-argues some of the issues raised in his petition and subsequent trial court pleadings.[2] We summarize and organize the issues he has raised as follows:

> (1) R.C. 2152.12(H) mandates that his conviction is null and void;

---

[2] Appellant has abandoned the allied-offenses argument.

(2) The trial court failed to acknowledge his age, overlooking R.C. 2152.12(H);

(3) Appellant was not put on notice that he was being prosecuted for offenses which occurred when he was a juvenile;

(4) Counsel was ineffective for colluding with the prosecutor and ignoring the fact Appellant was a juvenile when the criminal acts occurred; and,

(5) Counsel was ineffective for coercing Appellant to sign the plea agreement.

1. Applicability of R.C. 2152.12(H) to Appellant's Case

**{¶15}** We reject Appellant's arguments hereunder for two reasons. First, it is obvious that Appellant's misreads the transfer statute. R.C. 2152.12, regarding the transfer of cases from juvenile court provides as follows in pertinent part:

> (H) No person, either before or after reaching eighteen years of age, shall be prosecuted as an adult for an offense committed prior to becoming eighteen years of age, unless the person has been transferred as provided in division (A) or (B) of this section or *unless division (J) of this section applies.* Any prosecution that is had in a criminal court on the mistaken belief that the person who is the subject of the case was eighteen years of age or older at the time of the commission of the offense shall be deemed a nullity, and the person shall not be considered to have been in jeopardy on the offense. * * *

> (J) If a person under eighteen years of age allegedly commits an act that would be a felony if committed by an adult and if the person is not taken into custody or apprehended for that act until after the person attains twenty-one years of age, the juvenile court does not have jurisdiction to hear or determine

any portion of the case charging the person with committing that act. In those circumstances, divisions (A) and (B) of this section do not apply regarding the act, and *the case charging the person with committing the act shall be a criminal prosecution commenced and heard in the appropriate court having jurisdiction of the offense as if the person had been eighteen years of age or older when the person committed the act.* All proceedings pertaining to the act shall be within the jurisdiction of the court having jurisdiction of the offense, and that court has all the authority and duties in the case as it has in other criminal cases in that court."

**{¶16}** Age relates to the personal jurisdiction of the court. *In re S.S.,* 4th Dist. Vinton No. 10CA682, 2011-Ohio-5081, at ¶ 15. *See In re Patrick,* 4th Dist. Scioto No. 1618, 1987 WL 4899 (May 13, 1987), at *2, citing *In re Fudge,* 2nd Dist. Clark No. 59 Ohio App.2d 129, 132, 392 N.E.2d 1262, (2nd Dist.1977). Personal jurisdiction is established by "the presence of the person or thing involved in the litigation within the forum's territorial boundaries or the consent [express or implied] of the party." *State v. Smith,* 5th Dist. Muskingum No. CT2017-0066, 2018-Ohio-5121, quoting *State v. Haddix,* 5th Dist. No. 2018CA00035, 2018-Ohio-2833 ¶ 6, citing *McBride v. Coble Express, Inc.,* 92 Ohio App.3d 505, 509, 636 N.E.2d 356, 359 (3rd Dist.1993), and *Nehls v. Quad-K. Advertising, Inc.,* 106 Ohio App.3d 489, 495, 666 N.E.2d 579, 582 (8th Dist.1995). "Personal jurisdiction can be waived expressly or by failure to object." *Id.* The *Smith* court found because Smith never objected, he waived the matter of personal jurisdiction.

{¶17} It is obvious that division "J" of R.C. 2152.12 is applicable to Appellant. Appellant committed his criminal conduct in 2009 or 2010, when he alleges he would have been 16 or 17. He submitted himself to the jurisdiction of the court and entered a guilty plea to the conduct on June 27, 2017, at which time he had previously attained the age of 21. We are not sure what Appellant finds unclear in this statute. Therefore, we do not find merit to Appellant's contention that R.C. 2152.12(H) mandates that his conviction is a nullity.

{¶18} Secondly, Appellant waived his right to a jury trial and entered a guilty plea. Having entered a guilty plea and received an agreed sentence, Appellant waived the right to contest the state's evidence or his guilt. "Such a plea is a complete admission of appellant's guilt" and "removed all issues of factual guilt from his case." *Betts, supra,* at ¶ 20, quoting *State v. Spangler*, 4th Dist. Lawrence No. 16CA1, 2016-Ohio-8583, ¶ 16-18; *State v. Brunner,* 4th Dist. Ross No. 1654, 1991 WL 99669, *2 (June 4, 1991).

{¶19} In this case, the transcript of Appellant's plea hearing, held June 24, 2017, reveals the trial court engaged in a detailed colloquy about Appellant's constitutional rights, the plea agreement, and Appellant's understanding of all the information. Appellant acknowledged reviewing the Bill of Information. In response to the court's further questioning, he

responded that his age was 24.  Appellant also affirmed that his counsel had

discussed with him the elements of the offenses to which he was pleading,

and that he was satisfied with his counsel's services.  Later, at sentencing,

Appellant spoke on his own behalf as follows:

> "* * * [B]ut just first of all I'd like to tell [* * *] publicly here
> that I am sorry for um, what occurred there and I just wanted to
> apologize publicly with, for what happened.  And like was
> mentioned, I want to take full responsibility for that. * * * [T]he
> crime that I committed back there when I was 16 or 17, it was
> wrong."

{¶20} In *State v. Neguse,* 71 Ohio App.3d 596, 594 N.E.2d 1115 (10th

Dist.1991), the defendant also made an age-related argument on appeal.

Neguse asserted his alleged minority at the time alleged crimes occurred and

challenged the court's denial of his pretrial motion to dismiss his indictment

for murder and weapons counts on the ground of lack of jurisdiction.  The

appellate court observed:

> "In criminal cases in common pleas court, the court's
> jurisdiction must be proved beyond a reasonable doubt as an
> element of the offense because the validity of any judgment
> depends upon the court having obtained jurisdiction. * * *
> Hence, appellant's age, as an element of subject matter
> jurisdiction, was necessary for guilt to be determined in the
> common pleas court and must have been proved beyond a
> reasonable doubt by the prosecution."

{¶21} However, the appellate court also observed that it was generally

agreed that appellant had admitted for the purpose of pleas in prior criminal

cases that he was eighteen years old or more and had stipulated the authenticity of documents evidencing his age. The appellate court found, having never objected to the admission of the documents, Neguse stipulated to their admissibility and had not shown that admission of the records was plain error which affected a substantial right of appellant as required by Crim.R. 52(B).

{¶22} Here, the record reflects Appellant did not interpose objections relating to his age or the court's personal jurisdiction over him at any time during the, admittedly limited, trial court proceedings. The colloquy at his plea hearing demonstrates that age was discussed. Appellant's assertion that he was not put on notice that he was being prosecuted for offenses occurring when he was a juvenile is not credible. And, the record shows the trial court did not fail to recognize his age at the time of the offenses.

{¶23} For the foregoing reasons, we find no merit to the arguments asserted in Appellant's second assignment of error. Application of R.C. 2152.12(H) does not nullify Appellant's convictions. Accordingly, the second assignment of error is hereby overruled.

   2. Ineffective Assistance Claims

{¶24} Appellant asserts that his legal counsel (1) colluded with the prosecution; (2) ignored the fact Appellant was allegedly a juvenile; and (3)

coerced the Appellant to sign the plea agreement. However, Appellant has failed to provide any credible evidence outside of the record to support these contentions. Furthermore, "[a] claim of ineffective assistance of counsel is * * * waived by a guilty plea, unless the ineffective assistance of counsel precluded the defendant from knowingly, intelligently, and voluntarily entering a guilty plea." *Betts, supra,* at ¶ 26, quoting *State v. Grove,* 8th Dist. Cuyahoga No. 103042, 2016–Ohio–2721, ¶ 26; *State v. Guerra,* 2nd Dist. Miami No.2015–CA–28, 2016–Ohio–5647, ¶ 18. *See generally* Katz, Martin, Lipton, Giannelli, and Crocker, Baldwin's Ohio Criminal Law, Section 43:20 (3rd Ed.2014). Appellant could have raised an ineffective assistance of counsel claim with regard to the informed and voluntary nature of his plea on a direct appeal but did not do so. Consequently, he is barred by res judicata from raising it now.

3. Evidentiary Hearing

{¶25} As set forth above, pursuant to R.C. 2953.21(D), before granting a hearing on a post-conviction petition, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, and all the files and records pertaining to the proceedings against the petitioner. In this case, it is

obvious that the trial court undertook a meticulous review of the record.  The trial court's journal entry denying the Petition for Post-Conviction Relief, although not identified as such, contains lengthy findings of fact and conclusions of law.

{¶26} Our review demonstrates the trial court did not err and abuse its discretion in finding no substantive grounds to support the claims asserted in Appellant's post-conviction petition.  Therefore, the trial court also did not abuse its discretion in failing to conduct an evidentiary hearing.  Appellant's first assignment of error is hereby overruled.

{¶27} Having overruled Appellant's assignments of error, we affirm the trial court's judgment.

                                                                          **JUDGMENT AFFIRMED.**

Harsha, J., concurring:

{¶28} I concur in judgment and opinion except for the statement in paragraph 1 that purports to adopt an abuse of discretion standard of review for the second assignment of error.  The analysis of the second assignment of error in paragraphs 15-23 correctly applies a de novo standard of review without expressly stating so; however, paragraph 1 indicates the opinion applies an abuse of discretion standard throughout the court's analysis of the assignments of error.

# JUDGMENT ENTRY

It is ordered that the JUDGMENT BE AFFIRMED and costs be assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Gallia County Common Pleas Court to carry this judgment into execution.

<u>IF</u> A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, P.J.:  Concurs in Judgment and Opinion.
Harsha, J.:   Concurs with Concurring Opinion.

For the Court,


BY:  _____
Matthew W. McFarland, Judge

**NOTICE TO COUNSEL:      Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**