[Cite as *State v. Bear*, 2021-Ohio-1539.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
GALLIA COUNTY

STATE OF OHIO,                           :
                                         :
    Plaintiff-Appellant,              :          Case No. 20CA9
                                         :
vs.                                      :
                                         :
                                         :          <u>DECISION AND</u>
SAMUEL E. BEAR,                          :          <u>JUDGMENT ENTRY</u>
                                         :
    Defendant-Appellee.               :
_____

<u>APPEARANCES:</u>

Samuel E. Bear, Caldwell, Ohio, Appellant, pro se.

Jason Holdren, Gallia County Prosecuting Attorney, and Jeremy Fisher, Assistant
Prosecuting Attorney, Gallipolis, Ohio, for Appellee.
_____

Smith, P.J.

{¶1} Appellant, Samuel Bear, appeals the trial court's judgment entry

denying his motion to vacate or set aside judgment. On appeal, Bear raises two

assignments of error contending that 1) the trial court lacked jurisdiction to enter a

judgment in his case; and 2) there was a lack of factual basis regarding the element

of force in the record to support his guilty pleas to rape. Because we have

characterized Bear's underlying motion as an untimely-filed petition for post-

conviction relief, we conclude the trial court lacked jurisdiction to entertain the

constitutional claims raised in the petition and should not have addressed them on

the merits. Thus, these claims should have been dismissed rather than denied.

Further, because the non-constitutional claims were barred by res judicata and

were further waived by Bear's guilty pleas, we affirm the trial court's denial of

these claims.

{¶2} Thus, the judgment of the trial court is affirmed as to the non-

constitutional claims; but the judgment is modified as to the constitutional claims

in order to reflect that they should have been dismissed for lack of jurisdiction.[1]

Accordingly, the judgment of the trial court is affirmed as modified.

## FACTS

{¶3} Bear currently appeals the trial court's denial of his motion to vacate or

set aside judgment.  However, this is not the first time this Court has considered

matters related to Bear's underlying convictions.  The record before us indicates

that although Bear did not file a direct appeal of his convictions and sentences, he

filed a petition for post-conviction relief on November 6, 2017.  The trial court

denied the petition and this Court affirmed the trial court's decision on February 8,

2019.  *State v. Bear*, 4th Dist. Gallia No. 18CA8, 2019-Ohio-466.  In our prior

decision, we set forth the facts regarding this matter as follows:

> A Bill of Information alleging Appellant committed two acts of
> rape in violation of R.C. 2907.02(A)(2), felonies of the first
> degree, was filed with the Gallia County Clerk of Courts on June

---

[1] This procedural remedy is consistent with the remedy applied in *State v. Brown*, 4th Dist. Scioto No. 16CA3770, 2017-Ohio-4063, ¶ 9.

27, 2017. The allegations involved two different child victims, John Doe 1 and John Doe 2. On that same date, Appellant, in open court and with the assistance of legal counsel, pleaded guilty to both counts.

The record reveals Appellant is a Mennonite. The counts stem from criminal acts which occurred to John Doe 1 and John Doe 2 when Appellant's sister, also a Mennonite, provided child care to them in 2009 and 2010 in Gallia County, Ohio. Several years later, Appellant wrote a letter to the children's mother confessing his actions and asking forgiveness. In April 2016, the children's mother notified the proper authorities and assisted the Ohio Bureau of Criminal Investigation in obtaining a recorded statement. On the advice of Appellant's friends, Appellant thereafter obtained an attorney. It appears the Gallia County authorities took no action in the matter for approximately one year.

Appellant was represented by Attorney Jeff Finley. The record indicates Appellant and his attorney had several discussions in person at Attorney Finley's office, and over the telephone, regarding a plea agreement offered by the prosecutor's office and later accepted on June 27, 2017. At the plea hearing, Appellant waived various rights including his right to a grand jury. He also executed a written waiver of right to a jury trial.

The trial court's journal entry dated June 27, 2017 found that Appellant was afforded all rights pursuant to Criminal Rules 11 and 32; and that Appellant's plea was knowingly, intelligently, and voluntarily made with a full awareness of the possible consequences of his plea. The court ordered a pre-sentence investigation report to be completed. Appellant's sentencing was continued to July 6, 2017.

On July 6, 2017, Appellant was sentenced to a stated prison term of eight years on each count. The trial court ordered the sentences be served concurrently. The trial court's Sentencing Entry dated July 10, 2017 reflects that Appellant entered an agreed guilty plea with a recommended sentence.

>Appellant did not pursue a direct appeal. On November 6, 2017, Appellant filed a Petition for Post-Conviction Relief.[] On June 4, 2018, the trial court entered the journal entry denying Appellant's petition and other various motions. This timely appeal followed.

*State v. Bear* at ¶ 2-7.

{¶4} After this Court affirmed the trial court's denial of Bear's petition, Bear went on to file several more motions in the trial court leading up to the current motion that was filed on February 26, 2020. In his motion, Bear argued the trial court lacked jurisdiction to accept his guilty pleas and sentence him for the two counts of rape by force contained in the bill of information, and he also argued that the record lacked a factual basis to support his guilty pleas. The trial court denied his motion on March 10, 2020. It is from this judgment that Bear now appeals, setting forth two assignments of error for our review.

## ASSIGNMENTS OF ERROR

I.      "LACK OF JURISDICTION."

II.     "LACK OF FACTUAL BASIS."

{¶5} In his first assignment of error, Bear contends "[t]he trial court did not follow statutory mandates to the extent that it lacked authority and statutory power to enter a judgment in [his] case." More specifically, Bear argues that Crim.R. 5(A)(4) was violated because he was not informed of, nor did he waive in writing, his right to a preliminary hearing. He also argues that the right to a preliminary

hearing may only be extinguished by indictment, and that because he was prosecuted under a bill of information rather than an indictment, he was deprived of his right to a preliminary hearing.  He further argues that the trial court lacked jurisdiction to accept his guilty plea and sentence him under Crim.R. 7(A) and R.C. 2941.021 because the "potential punishment" for the conduct that was alleged to have occurred (rape of a child under the age of 13) was punishable by life in prison, and that an offense punishable with a life sentence may only be prosecuted by indictment, not a bill of information.  Bear explains that he did not realize he could have been sentenced to life in prison for the alleged offenses until the Supreme Court of Ohio affirmed the denial of his application for a writ of habeas corpus on March 20, 2019, which was after he filed his prior petition for post-conviction relief in the lower court.[2]  He claims this fact "is grounds for relief in this successive petition."  Finally, Bear argues that these defects, aside from constituting statutory and rule violations, deprived him of his constitutional right to due process in that he was not afforded his right to be heard.

{¶7} In his second assignment of error, Bear contends there is a "lack of factual basis for the element of 'force[]' " in the record.  He also contends there is

---

[2] The Supreme Court of Ohio expressly held that "[t]he trial court had jurisdiction over that offense [R.C. 2907.02(A)(2)] regardless of the age of the victims."  *Bear v. Buchanan* at ¶ 11.  The court further commented that "age with respect to that crime affects only the sentence that may be imposed."  *Id.*  However, a review of the statute reveals that the age of the victim only affects the sentence imposed for a violation of R.C. 2907.02(A)(1)(b) and Bear was not charged under that section of the statute.

no evidence in the record that he received any sexual stimulation or satisfaction during the alleged incident. Thus, he argues that his "conduct did not amount to fellatio and there is a lack of factual basis to support a conviction for rape." He further argues that his counsel did not inform him that these elements were required to prove the offense of rape and that he would not have pled guilty had he known. He claims that "Defense Counsel's presumptions blinded him and prevented him from fairly representing Defendant when he failed to investigate and there was no factual basis for the charge, rendering his services ineffective."

{¶7} For ease of analysis, we will address Bear's assignments of error in conjunction with one another, separating them between constitutional and non-constitutional claims.

## LEGAL ANALYSIS

### A. Characterization of Irregular Motion

{¶8} In order to review the denial of Bear's "Motion to Vacate or Set Aside Judgment," we must first determine how to characterize the motion. *See State v. Brown*, 4th Dist. Scioto No. 16CA3770, 2017-Ohio-4063, ¶ 18. As explained in *Brown*, " ' "[c]ourts may recast irregular motions into whatever category necessary to identify and establish the criteria by which the motion should be judged." ' " *Id.*, quoting *State v. Burkes*, 4th Dist. Scioto No. 13CA3582, 2014-Ohio-3311, ¶ 11, in

turn quoting *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431,

¶ 12.

{¶9} The Supreme Court of Ohio has held as follows regarding when

irregular motions may meet the definition of petitions for post-conviction relief:

> "[w]here a criminal defendant, subsequent to his or her direct
> appeal, files a motion seeking vacation or correction of his or her
> sentence on the basis that his or her constitutional rights have
> been violated, such a motion is a petition for post-conviction
> relief as defined in R.C. 2953.21."

*Brown* at ¶ 19, quoting *State v. Reynolds*, 79 Ohio St.3d 158, 679 N.E.2d 1131,

syllabus (1997).

{¶10} Thus, an irregular motion may meet the definition of a petition for

post-conviction relief set forth in R.C. 2953.21(A)(1), if the motion was " '(1) filed

subsequent to [defendant's] direct appeal, (2) claimed a denial of constitutional

rights, (3) sought to render the judgment void, and (4) asked for vacation of the

judgment and sentence.' " *Brown* at ¶ 19, quoting *State v. Reynolds* at 160.

{¶11} " '[P]ost-conviction relief petitions are used to assert claims that there

was a denial or infringement of the person's rights as to render the judgment void

or voidable under the Ohio or United States Constitutions.' " *Brown* at ¶ 20,

quoting *State v. Kelly*, 4th Dist. Scioto No. 14CA3637, 2014-Ohio-5840, ¶ 4. " 'It

is a means to resolve constitutional claims that cannot be addressed on direct

appeal because the evidence supporting the claims is not contained in the record.' "

*Brown* at ¶ 20, quoting *Kelly* at ¶ 5, citing *State v. Shaffer*, 4th Dist. Lawrence No. 14CA15, 2014-Ohio-4976, ¶ 9; *State v. Knauff*, 4th Dist. Adams No. 13CA976, 2014-Ohio-308, ¶ 18.

{¶12} Here, much like in *Brown*, *supra*, the constitutional claims set forth in Bear's "Motion To Vacate Or Set Aside Judgment" meet the definition of a petition for post-conviction relief pursuant to R.C. 2953.21. Bear filed the "Motion To Vacate Or Set Aside Judgment" after expiration of the time for filing a direct appeal. He also claimed in part that his constitutional rights had been violated by the trial court. Additionally, Bear sought to render the judgment void and he asked for vacation of the judgment and sentence.

### B. *Standard of Review for Petition for Post-Conviction Relief*

{¶13} A trial court's decision granting or denying a post-conviction petition filed pursuant to R.C. 2953.21 is reviewed for an abuse of discretion and a reviewing court should not overrule the trial court's finding on a petition for post-conviction relief that is supported by competent, credible evidence. *See State v. Bennington*, 4th Dist. Adams No. 12CA956, 2013-Ohio-3772, ¶ 8, citing *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 45. The term "abuse of discretion" connotes more than an error of judgment; it implies the court's attitude is unreasonable, arbitrary, or unconscionable. *Id.*, citing *State v. Adams*, 623 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

C.    *Bear's "Motion To Vacate Or Set Aside Judgment" was an Untimely Post-Conviction Relief Petition and was also Barred by the Doctrine of Res Judicata; thus, the Trial Court did not have Jurisdiction to Decide the Merits of the Motion as to the Constitutional Claims*

{¶14} Initially, we note that limitations exist with respect to the filing of a post-conviction relief petition. A petition for post-conviction relief is subject to strict filing requirements. Former R.C. 2953.21(A)(2) required a petition for post-conviction relief to be filed "no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication * * *. If no appeal is taken * * * the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal." On March 26, 2015, HB 663 took effect and extended the time for filing a petition for post-conviction relief to (1) 365 days from the date on which the trial transcript was filed in the court of appeals in the direct appeal of the judgment of conviction or (2) 365 days after the expiration of the time for filing the notice of appeal, if no direct appeal is taken. R.C. 2953.21(A)(2).

{¶15} If a defendant fails to file his petition within the prescribed period, the trial court may entertain the petition only if: (1) the petitioner shows either that he was unavoidably prevented from discovery of the facts upon which he must rely to present the claim for relief or that the United States Supreme Court recognized a new federal or state right that applies retroactively to him; and (2) the petitioner

shows by clear and convincing evidence that no reasonable factfinder would have found him guilty but for constitutional error at trial.  *See* R.C. 2953.23(A)(1); *see also State v. McManaway*, 4th Dist. Hocking No. 16CA8, 2016-Ohio-7470, ¶ 13-16 (trial court lacks jurisdiction to entertain an untimely petition for post-conviction relief unless the untimeliness is excused by statute).

{¶16} In addition to dismissing a petition as being untimely, a trial court may also dismiss a petition when the claims are barred by the doctrine of res judicata.  *See State v. Boler*, 4th Dist. Athens No. 18CA2, 2018-Ohio-3722, ¶ 19, citing *State v. Szefcyk*, 77 Ohio St.3d 93, 671 N.E.2d 233, syllabus (1996).  The doctrine of res judicata is applicable in all post-conviction relief proceedings and provides that:

> "a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment."

*Boler* at ¶ 19, quoting *Szefcyk* at 95.

{¶17} Here, it is clear from the record that Bear has filed an untimely petition for post-conviction relief.  The final order from his underlying rape convictions was filed on July 10, 2017.  As stated, he had 30 days to file a direct appeal of his convictions and sentences, but he did not.  He did not file his most recent petition for post-conviction relief until February 26, 2020.  Thus, it was filed

well beyond the time limit. Furthermore, because Bear has failed to argue and establish the applicability of either exception set forth in R.C. 2953.23(A), we find that the trial court lacked jurisdiction to entertain the motion. *Brown* at ¶ 25.

{¶18} Because the trial court lacked jurisdiction to consider Bear's petition for post-conviction relief, "[t]he trial court technically erred by addressing the merits of [the] motion." *See Id.* Instead, Bear's motion, at least with respect to the constitutional claims, should have been dismissed for lack of jurisdiction. *Id.* We find, however, that Bear has not been prejudiced by this error because the outcome remains the same. Bear's constitutional claims would have failed regardless because the claims were untimely. Further, to the extent some of Bear's arguments are premised upon the trial court's lack of jurisdiction, which he claims can be raised at any time, directly or collaterally, and are not barred by the doctrine of res judicata, we find they would have failed on the merits even if they had not been time-barred. Thus, contrary to Bear's arguments on appeal, we find the arguments contained in Bear's underlying petition were also barred by the doctrine of res judicata.

> 1. *Failure to Afford a Preliminary Hearing or Probable Cause Determination Through Indictment Rather Than Bill of Information Did Not Affect the Trial Court's Jurisdiction or Render Bear's Convictions and Sentences Void*

*(Lack of Jurisdiction Argument)*

{¶19} Bear initially contends he was not informed of his right to a preliminary hearing and that because he was never informed of the right, he never waived it. He further argues that the offenses for which he was charged carried a potential punishment of life in prison and, as such, it was error to allow the charges to be prosecuted by a bill of information rather than by indictment by a grand jury. He cites Crim.R. 5 and 7 in support of his arguments and contends that these alleged rule violations resulted in constitutional violations as well, specifically to his right to due process. He also relies on R.C. 2941.021 in support of his arguments.

{¶20} A review of the record before us reflects that Bear's case did not originate with the filing of a criminal complaint in the municipal court. Because a criminal complaint was never filed in municipal court, Bear's case did not go through the process of initial arraignment followed by either a preliminary hearing or waiver thereof and bindover to the grand jury for indictment in the court of common pleas. Instead, it appears that Bear's counsel was involved in negotiations with the prosecutor's office early on in the investigation and worked with the prosecutor to proceed with the filing of a bill of information charging two counts of rape by force in violation of R.C. 2907.02(A)(2), rather than seeking an indictment.

{¶21} This agreement was very advantageous to Bear because had his case gone before the grand jury, he may have been indicted for two counts of rape of a child under the age of 13, in violation of R.C. 2907.02(A)(1)(b), which carry sentences of life in prison. As it stands, however, Bear was never charged with violations of R.C. 2907.02(A)(1)(b), either in juvenile court or municipal court, nor was he ever indicted on those offenses. Nonetheless, Bear appears to argue that because the conduct in which he engaged could have been charged as rape of a child under the age of 13 and could have been punished with life in prison, allowing him to be prosecuted through a bill of information rather than by indictment was error which deprived the trial court of jurisdiction over his case. For the following reasons, we disagree.

{¶22} As argued by Bear, Crim.R. 5(A)(4) provides for "the right to a preliminary hearing in a felony case, when the defendant's initial appearance is not pursuant to indictment." Additionally, as argued by Bear, Crim.R. 7(A) provides, in pertinent part, as follows:

> A felony that may be punished by death or life imprisonment shall be prosecuted by indictment. All other felonies shall be prosecuted by indictment, except that after a defendant has been advised by the court of the nature of the charge against the defendant and of the defendant's right to indictment, the defendant may waive that right in writing and in open court.
>
> Where an indictment is waived, the offense may be prosecuted by information * * *

{¶23} Likewise, R.C. 2941.021 states as follows regarding the use of a bill of information:

> Any criminal offense which is not punishable by death or life imprisonment may be prosecuted by information filed in the common pleas court by the prosecuting attorney if the defendant, after he has been advised by the court of the nature of the charge against him and of his rights under the constitution, is represented by counsel or has affirmatively waived counsel by waiver in writing and in open court, waives in writing and in open court prosecution by indictment.

{¶24} First and foremost, as we have already explained, Bear was never actually charged with offenses that were punishable by death or life imprisonment. He was charged with two violations of rape by force in violation of R.C. 2907.02(A)(2), which carried maximum prison terms of eleven years each. Thus, Crim.R. 7(A) and R.C. 2941.021 were not violated here. Second, and importantly, Bear was represented by counsel below and signed a written waiver, in open court, of his "right to have an indictment by way of a grand jury." In doing so, Bear also consented to being prosecuted by a bill of information. This Court has held that where a defendant waives his right to prosecution through an indictment and agrees to be charged through a bill of information, he or she is not entitled to confront his or her accuser at a preliminary hearing and thus, there is no need for a preliminary hearing. *See State v. Dotson*, 4th Dist. Washington No. 03CA53, 2004-Ohio-2768, ¶ 8, citing *State v. Girt*, Stark No. 2002-CA-00174, 2002-Ohio-

6407, ¶ 31 (once defendant waives his right to prosecution through indictment, there is no need for a preliminary hearing).

{¶25} Accordingly, we find no merit to Bear's arguments that the manner in which the charges were brought against him resulted in statutory and rule violations which resulted in constitutional violations.  Thus, Bear cannot demonstrate that any of these alleged errors deprived the trial court of jurisdiction or rendered the trial court's judgment void.  Consequently, we conclude Bear's petition was time-barred and there is no jurisdictional defect which insulates it from the application of the doctrine of res judicata.

> 2.     *Trial Counsel did not Render Ineffective Assistance and his Performance did not Render Bear's Guilty Plea Invalid*
>
> *(Lack of Factual Basis Argument)*

{¶26} Although Bear made ineffective assistance of counsel claims in his first petition for post-conviction relief, he alleged another claim of ineffective assistance of counsel in the current petition and continues that argument on appeal. As set forth above, Bear contends that his counsel did not inform him that force and sexual stimulation/satisfaction were elements that were required to prove the offense of rape.  He further argues that he would not have pled guilty had he known.  In response to Bear's allegations of ineffective assistance of counsel in his first petition for post-conviction relief, we held as follows:

Appellant asserts that his legal counsel (1) colluded with the prosecution; (2) ignored the fact Appellant was allegedly a juvenile; and (3) coerced the Appellant to sign the plea agreement. However, Appellant has failed to provide any credible evidence outside of the record to support these contentions. Furthermore, "[a] claim of ineffective assistance of counsel is * * * waived by a guilty plea, unless the ineffective assistance of counsel precluded the defendant from knowingly, intelligently, and voluntarily entering a guilty plea." [*State v. Betts*, 4th Dist. Vinton No. 18CA710, 2018-Ohio-2720, ¶ 26, quoting *State v. Grove*, 8th Dist. Cuyahoga No. 103042, 2016-Ohio-2721, ¶ 26; *State v. Guerra*, 2nd Dist. Miami No. 2015-CA-28, 2016-Ohio-5647, ¶ 18. *See generally* Katz, Martin, Lipton, Giannelli, and Crocker, Baldwin's Ohio Criminal Law, Section 43:20 (3rd Ed.2014). Appellant could have raised an ineffective assistance of counsel claim with regard to the informed and voluntary nature of his plea on a direct appeal but did not do so. Consequently, he is barred by res judicata from raising it now.

*State v. Bear, supra*, at ¶ 24.

{¶27} Thus, we found all of Bear's ineffective assistance of counsel claims to be barred by res judicata and we further found that his claims of ineffective assistance were waived by his guilty plea. In so holding, we noted that an exception exists when a defendant claims the ineffective assistance precluded him from knowingly, intelligently, and voluntarily entering a guilty plea. Interestingly, Bear now argues that this particular exception applies and that he would not have pled guilty but for counsel's ineffective assistance. However, it appears that in making his argument, Bear confuses the statutory definitions of "sexual contact" and "sexual conduct."

{¶28} Bear was charged with and pled guilty to two counts of rape in violation of R.C. 2907.02(A)(2), which provides as follows:

> (A)(1) No person shall engage in sexual conduct with another who is not the spouse of the offender or who is the spouse of the offender but is living separate and apart from the offender, when any of the following applies:
> * * *
> (2) No person shall engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force.

{¶29} "Sexual conduct" for purposes of rape is defined in R.C. 2907.01 as follows:

> * * * vaginal intercourse between a male and female; anal intercourse, fellatio, and cunnilingus between persons regardless of sex; and, without privilege to do so, the insertion, however slight, of any part of the body or any instrument, apparatus, or other object into the vaginal or anal opening of another. Penetration, however slight, is sufficient to complete vaginal or anal intercourse.

{¶30} Thus, sexual stimulation or satisfaction, as argued by Bear, is not a required element that must be proven. "Sexual contact" on the other hand, is defined in R.C. 2907.01, which provides as follows:

> * * * any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person.

{¶31} However, sexual contact, which includes a purpose to sexually arouse or gratify, is not an element of the crime for which Bear was charged or convicted.

Accordingly, we reject Bear's argument that his trial counsel failed to inform him that sexual stimulation or satisfaction were elements required to be proven by the State had he decided to go to trial rather than plead guilty.

{¶32} Next, we find Bear's argument that his counsel failed to inform him that force was an element that was required to be proven to be disingenuous. First, the word "force" was expressly used in the bill of information. For example, the bill of information charged Bear with two counts of rape in violation of R.C. 2907.02(A)(2) and expressly alleged that Bear did "knowingly engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force." Further, to the extent Bear argues that counsel misled him on the record, Bear has failed to provide this Court with the transcripts of the proceedings below, despite his duty to do so. *State v. Whitaker*, 4th Dist. Scioto No. 10CA3349, 2011-Ohio-6923, ¶ 10. Thus, we are unable to determine what may have been expressly discussed on the record during this plea hearing. Further, in such situations we must presume the regularity of the proceedings below. *See Id.* at ¶ 1. Moreover, Appellant has pointed to no evidence outside the record indicating that his counsel misinformed him regarding the element of force contained in the charges to which he pled guilty.

{¶33} As such, we find no merit to Bear's arguments nor any cause to prevent the application of res judicata or the general waiver of claims associated

with his guilty pleas. *State v. Bear*, *supra*, at 18, citing *State v. Betts*, *supra*, at

¶ 20, in turn citing *State v. Spangler*, 4th Dist. Lawrence No. 16CA1, 2016-Ohio-

8583, ¶ 16-18; *State v. Brunner*, 4th Dist. Ross No. 1654, 1991 WL 99669, *2

(June 4, 1991). (A guilty plea is a complete admission of guilt and removes all

issues of factual guilt from a case). Accordingly, as we have found no

jurisdictional defect regarding the trial court's ability to decide Bear's case, both of

these legal principles serve as a bar to his current claim of ineffective assistance of

counsel.

### D. Res Judicata Bars all other Non-Constitutional Claims

### 1. Lack of Jurisdiction Argument

{¶34} This Court has recently explained as follows regarding non-

constitutional claims raised in a petition for post-conviction relief:

> "Generally, a petitioner cannot raise, for purposes of
> postconviction relief, an error that could have been raised on
> direct appeal. In other words, if a petitioner fails to bring an
> appeal as of right, he cannot raise in a petition for postconviction
> relief those issues that should have been raised in a direct
> appeal."

(Citations omitted.) *State v. Brown*, *supra*, at ¶ 34.

{¶35} Additionally, as further explained in *Brown*:

> "Res judicata is applicable in all postconviction relief
> proceedings. * * * ' "[P]ublic policy dictates that there be an
> end of litigation; that those who have contested an issue shall be
> bound by the result of the contest, and that matters once tried
> shall be considered forever settled as between the parties."

> [Citation omitted.] We have stressed that "[the] doctrine of res judicata is not a mere matter of practice or procedure inherited from a more technical time than ours. It is a rule of fundamental and substantial justice, 'of public policy and of private peace,' which should be cordially regarded and enforced by the courts. * * *" [Citation omitted.]' "

*Brown* at ¶ 34, quoting *State v. Szefcyk, supra*, at 95, citing *Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 401, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981).

{¶36} Here, as already stated, Bear failed to file a direct appeal. In addition to raising constitutional claims, Bear's "Motion To Vacate Or Set Aside Judgment" raised non-constitutional claims that he could have raised in a timely direct appeal. For example, in his first assignment of error, he argues that the trial court failed to comply with Crim.R. 5(A)(4) and Crim.R. 7(A). Above, we discussed the fact that Bear claimed that the trial court's failure to comply with these rules resulted in a violation of his constitutional right to due process. We further reasoned that to the extent Bear argued these alleged violations resulted in constitutional violations, they were barred from being considered as his petition for post-conviction relief was untimely filed, and he did not satisfy any exception that would permit him to have filed beyond the deadline. However, to the extent these arguments simply allege statutory and rule violations, as opposed to constitutional violations, they are barred by res judicata because these arguments could have been raised in a direct appeal.

{¶37} Bear contends, however, that these violations precluded the trial court from having jurisdiction to accept his guilty plea and sentence him. Thus, he essentially argues his plea is invalid and his convictions and sentences are void. He further argues that lack of jurisdiction can be raised at any time, is not barred by res judicata, and that this Court has a duty to vacate a void conviction and sentence. We rejected these arguments in the context of our analysis of Bear's constitutional claims above. Further, the Supreme Court of Ohio has determined, albeit in the context of reviewing the denial of a petition for habeas corpus, that "[t]he manner by which an accused is charged with a crime, whether by indictment returned by a grand jury or by information filed by the prosecuting attorney, is procedural rather than jurisdictional." *State ex rel. Beaucamp v. Lazaroff*, 77 Ohio St.3d 237, 238, 1997-Ohio-277, 673 N.E.2d 1273, citing *Wells v. Maxwell*, 174 Ohio St. 198, 200, 148, 188 N.E.2d 160, 161 (1963); *Ex parte Stephens*, 171 Ohio St. 323, 324, 170 N.E.2d 735, 737 (1960). The Court further determined that "a judgment on an information also binds the defendant as long as the trial court has jurisdiction to try the defendant for the crime in which he was convicted and sentenced." *Beaucamp* at 238.

{¶38} Moreover, the record before us reveals that Bear waived his right to a grand jury, consented to be prosecuted by a bill of information, and pled guilty to the charges contained in the bill of information. *Beaucamp* further provides that a

defendant's "plea of guilty to the offenses waive[s] any claimed right to an indictment." *Beaucamp* at 238. Also, and importantly, Bear's arguments are based upon the mistaken premise that he could have been sentenced to life in prison for the charges at issue. As we have already explained, while the alleged conduct, rape of a child under the age of 13, technically could have been charged under the R.C. 2907.02(A)(1)(b) portion of the statute which carries a potential life sentence, Bear was instead charged with rape by force, in violation of R.C. 2907.02(A)(2), which is not punishable by life in prison.

{¶39} We conclude there was simply no error in the manner in which Bear was prosecuted. In fact, although he raised a different substantive argument in his prior petition for a writ of habeas corpus, the Supreme Court of Ohio previously determined that the trial court had jurisdiction to hear and decide Bear's underlying case. *See Bear v. Buchanan*, 156 Ohio St.3d 348, 2019-Ohio-931, 126 N.E.3d 1115, ¶ 11 (rejecting Bear's argument that the bill of information was defective because it either did not identify or misstated the ages of the victims and finding that the trial court had jurisdiction over the offense of rape in violation of R.C. 2907.02(A)(2) regardless of the age of the victims). Thus, we further conclude that Bear's argument that being prosecuted through a bill of information prevented the trial court from acquiring jurisdiction over his case or having authority to impose

sentence upon him under R.C. 2941.021 and Crim.R. 5 and 7 fails on the merits. Accordingly, it is overruled.

### 2. Lack of Factual Basis Argument

{¶40} Bear also raises a non-constitutional claim in his second assignment of error. More specifically, Bear argues that there was a lack of factual basis in the record to support his guilty pleas to rape by force. This argument has already been discussed above to the extent that his argument can be construed as a claim that he was deprived of his constitutional right to the effective assistance of counsel. However, to the extent this argument simply argues that there was insufficient evidence of force, sexual stimulation or sexual satisfaction in the record to support his convictions, he has waived any such argument by pleading guilty to the offenses and the argument is also barred by res judicata because it could have been raised on direct appeal. *See State v. Bear*, *supra*, at ¶ 18 ("Having entered a guilty plea and received an agreed sentence, Appellant waived the right to contest the state's evidence or his guilt"). Thus, to the extent this argument raises non-constitutional claims that could have been raised on direct appeal, they are barred by the doctrine of res judicata as well as waived by Bear's guilty pleas.

{¶41} Therefore, we find that all of Bear's arguments fail. Having found that Bear's constitutional claims were brought as part of an untimely filed and successive petition for post-conviction relief, they are time-barred and further

barred by the doctrine of res judicata.  As such, the trial court lacked jurisdiction to consider these claims and rather than denying them, the trial court should have dismissed them.  Therefore, under the authority of App.R. 12(A)(1)(a), the judgment of the trial court is modified to reflect dismissal of Bear's constitutional claims.  The rest of the trial court's judgment shall remain intact with respect to the non-constitutional claims which we have determined to be barred by res judicata.  Accordingly, we affirm the judgment with the modification.  *See State v. Brown*, *supra*, at ¶ 39, citing *State v. Brewer*, 2nd Dist. Montgomery No. 24910, 2012-Ohio-5406, ¶ 10; *State v. Griffin*, 1st Dist. Hamilton Nos. C-150258 and 150005, 2016-Ohio-782, ¶ 13.

**JUDGMENT AFFIRMED AS MODIFIED.**

## JUDGMENT ENTRY

It is ordered that the JUDGMENT BE AFFIRMED AS MODIFIED and costs be assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Gallia County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty-day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Hess, J. & Wilkin, J. concur in Judgment and Opinion.

For the Court,

_____
Jason P. Smith
Presiding Judge

### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**