[Cite as *State v. Heid*, 2022-Ohio-630.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | | |
|---|---|---|
| State of Ohio, | : | Case No. 20CA3926 |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | |
| v. | : | <u>DECISION AND JUDGMENT ENTRY</u> |
| | : | |
| Ray Scott Heid, | : | |
| | : | **RELEASED: 02/28/2022** |
| Defendant-Appellant. | : | |

_____
<u>APPEARANCES:</u>

Ray Scott Heid, Appellant, Pro Se.

Shane A. Tieman, Scioto County Prosecuting Attorney, and Jay Willis, Assistant Scioto County Prosecuting Attorney, Portsmouth, Ohio for Appellee.
_____

Wilkin, J.

{¶1} This is an appeal from two judgment entries issued by the Scioto County Court of Common Pleas that denied appellant, Ray Scott Heid's, motion for resentencing and motion to inspect electronically recorded transcripts and compel a polygraph test.

{¶2} Heid appeals asserting four assignments of error: (1) "Appellant is being denied an opportunity to develop the record on appeal, i.e., fair procedure on appeal in violation of the due process clause of the Ohio Constitution, Article I, section 16, and the Fifth and Fourteenth Amendment to the U.S. Constitution," (2) "the trial judge abused his discretion in dismissing Defendant's motion for resentencing without allowing the Defendant to develop the record, in violation of the due process clause under the Ohio Constitution, Article I, section 16, and the

Fifth and Fourteenth Amendments to the U.S. Constitution," (3) "the trial judge abused his discretion in denying release of the audio recording to conform the truth of the record for inclusion on appeal record pursuant to App.R. 9, in violation of the due process clause of both the Ohio Constitution, Article I, section 16, and the Fifth and Fourteenth Amendments to the U.S. Constitution," and (4) "the Defendant is being denied exculpatory evidence which proves his claim for resentencing in direct violation of due process under both the Ohio Constitution, Article I, section 16, and the Fifth and Fourteenth Amendments to the U.S. Constitution."

{¶3} After our review of appellant's arguments, the record, and the applicable law, we affirm the trial court's judgments denying Heid relief.

BACKGROUND

{¶4} For purposes of Heid's appeal, we adopt the facts and procedural background as set out in *State v. Heid*, 4th Dist. Scioto No. 14CA3655, 2015-Ohio-1467 ("*Heid* I"), ¶ 4-7:

> In 2004 the Scioto County Grand Jury returned an indictment charging Heid with one count of aggravated arson and one count of arson. In 2005 Heid pleaded guilty to the charges, and the Scioto County Court of Common Pleas sentenced him to an aggregate prison term of five years. Then in August 2006 the trial court granted Heid's request for judicial release and ordered him placed on five years of community control. Heid subsequently admitted violating the terms of his community control and in May 2008 the trial court revoked his community control. It reimposed his original prison sentence, to be served consecutively to his prison term in a separate case.
> Nearly six years later in February 2014, Heid filed a motion for production of transcripts and court records without cost, purportedly pursuant to the federal Freedom of Information Act. In March 2014 the trial court denied the motion.

Heid then filed a "legal notice of violation" of R.C. 2941.401 and sought to vacate his conviction. In a memorandum in support of this filing Heid claimed several violations, including constitutional and statutory rights to a speedy trial and constitutional violations associated with his guilty plea. While that "notice" was pending, Heid filed his second motion for court records without cost, again citing the federal Freedom of Information Act. The trial court denied Heid's "legal notice" and motion.

A little more than a week later in June 2014, Heid filed a motion in this court for leave to file a delayed appeal of his 2005 convictions. He also filed a petition in the trial court for postconviction relief. In July 2014, Heid filed his third motion for sentencing transcripts and court records without cost and a motion for discovery in the case. In a memorandum in support Heid again specified that his motion for records was pursuant to the federal Freedom of Information Act. On August 20, 2014, the trial court denied Heid's motion for court records. Subsequently, we denied Heid's motion for delayed appeal in Scioto App. No. 14CA3632, and the trial court denied Heid's petition for postconviction relief. This appeal is from the trial court's denial of his third motion for court records without cost.

On appeal in *Heid* I, Heid asserted the following assignment of error:

The trial court committed plain error and violated Ray S. Heid's right to due process and equal protection of the laws when it failed to abide by Ohio law and refused to grant him access to court records in order to adequately support his claims in redressing his grievance in post-conviction remedies created by the state. Thus violating his right to the First, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution; Ohio Constitution, Article I, Sections 1, 2, 3, 10, 11, and 16; R.C. 2317.48; 149.43; and other Statutory laws.

*Heid* at ¶ 8.

We affirmed the trial court's judgment entry denying Heid's request for records

without cost in pertinent part finding that because Heid

failed to establish that the requested records would contain evidence to support a finding that he was unavoidably prevented from discovering the facts supporting his postconviction or delayed appeal claims until after the time for filing his postconviction petition or perfect his direct appeal had lapsed.

> That is, Heid's lack of access to the requested records did not impact the lack of merit of his motion for delayed appeal and petition for postconviction relief.

*Id.* at ¶ 18.

{¶5} On May 14, 2020, Heid filed a second petition for post-conviction relief seeking to be resentenced. For the first time, Heid alleged that he pleaded guilty to *three* counts of arson - as opposed to *two* counts as memorialized in the trial court's August 9, 2005 judgment entry - which rendered his sentence void. Heid claimed that the trial court sua sponte dismissed one of the arson counts after his plea/sentencing hearing without any authority to do so. Heid filed a motion to compel the court reporter to provide the trial court with a copy of Heid's sentencing hearing transcript. The court denied Heid's motion to compel production of his transcript, finding that Heid had already received a copy.

{¶6} Heid then filed a "motion to inspect electronically recorded transcript and to correct deficiencies in the sentencing transcript prepared by the court reporter." He claimed that the audio recording would reveal that he pleaded guilty to three counts of arson, as opposed to two, as evidenced in the transcript. He also filed a motion to compel the court reporter to take a polygraph test, claiming that the reporter falsified the transcript to indicate that Heid pleaded guilty to two counts of arson.

{¶7} The trial court denied Heid's motion to inspect the audio recording, and to compel the court reporter to take a polygraph test. The court reasoned that the record clearly indicated that Heid pleaded guilty to two counts of arson, not three, as Heid alleged. Consequently, the court also denied Heid's petition

for post-conviction relief for resentencing.  It is these judgments that Heid

appeals.

ASSIGNMENTS OF ERROR

I.      APPELLANT IS BEING DENIED AN OPPORTUNITY TO DEVELOP THE
        RECORD ON APPEAL, I.E. FAIR PROCEDURE ON APPEAL IN
        VIOLATION OF THE DUE PROCESS CLAUSE OF THE OHIO
        CONSTITUTION, ARTICLE I, SECTION 16, AND THE FIFTH AND
        FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION

II.     THE TRIAL JUDGE ABUSED HIS DISCRETION IN DISMISSING
        DEFENDANT'S MOTION FOR RESENTENCING WITHOUT ALLOWING
        THE DEFENDANT TO DEVELOP THE RECORD, IN VIOLATION OF
        THE DUE PROCESS CLAUSE UNDER THE OHIO CONSTITUTION,
        ARTICLE I, SECTION 16, AND THE FIFTH AND FOURTEENTH
        AMENDMENTS OF THE U.S. CONSTITUTION

III.    THE TRIAL JUDGE ABUSED HIS DISCRETION IN DENYING RELEASE
        OF THE AUDIO RECORDING TO CONFORM THE TRUTH OF THE
        RECORD FOR INCLUSION ON APPEAL RECORD PURSUANT TO
        APP.R. 9, IN VIOLATION OF THE DUE PROCESS CLAUSE UNDER
        BOTH THE OHIO CONSTITUTION, ARTICLE I, SECTION 16, AND THE
        FIFTH AND FOURTEENTH AMENDMENTS TO THE U.S.
        CONSTITUTION

IV.     THE DEFENDANT IS BEING DENIED EXCULPATORY EVIDENCE
        WHICH PROVES HIS CLAIM FOR RESENTENCING IN DIRECT
        VIOLATION OF DUE PROCESS UNDER BOTH THE OHIO
        CONSTITUTION, ARTICLE I, SECTION 16, AND THE FIFTH AND
        FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION.

{¶8} Heid's notice of appeal seeks review of the trial court's judgment

denying his motion for resentencing and the judgment denying his motion to

inspect the audio recording of the plea/sentencing hearing and to compel the

court reporter to take a polygraph test.[1]  While Heid's assignments of error focus

primarily upon the trial court's decision to deny him access to the audio recording

of his plea/sentencing hearing, the analysis of his petition for post-conviction

---

[1] Heid does not address the trial court's denial of his motion to compel the court reporter to take a polygraph test.  Therefore, we do not address that issue in our decision.

relief (i.e., his motion for resentencing) is intimately related to resolving whether the court properly denied Heid's motion to inspect the audio recording. Therefore, we begin our analysis by examining the trial court's decision denying Heid's petition for post-conviction relief.

### A. Petition for Post-Conviction Relief

### 1. Standard of Review

{¶9} "[A] trial court's decision granting or denying a postconviction petition filed pursuant to R.C. 2953.21 should be upheld absent an abuse of discretion; a reviewing court should not overrule the trial court's finding on a petition for postconviction relief that is supported by competent and credible evidence." *State v. Gondor,* 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 58. " 'The term "abuse of discretion" connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.' " *Id.* at ¶ 60, quoting *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

### 2. R.C. 2953.21

{¶10} "Where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for post-conviction relief as defined in R.C. 2953.21." *State v. Reynolds*, 79 Ohio St.3d 158, 679 N.E.2d 1131, syllabus (1997). However, there are numerous limitations applicable to the filing of a petition for post-conviction relief.

**{¶11}** At the time that Heid was convicted in 2005, former R.C.

2953.21(A)(2) required that a petition for post-conviction relief must be filed "no

later than one hundred eighty days after the date on which the trial transcript is

filed in the court of appeals in the direct appeal of the judgment of conviction * * *.

If no appeal is taken * * * the petition shall be filed no later than one hundred

eighty days after the expiration of the time for filing the appeal."

> If a defendant fails to file his petition within the prescribed
> period, the trial court may entertain the petition only if: (1) the
> petitioner shows either that he was unavoidably prevented from
> discovery of the facts upon which he must rely to present the
> claim for relief or that the United States Supreme Court
> recognized a new federal or state right that applies retroactively
> to him; and (2) the petitioner shows by clear and convincing
> evidence that no reasonable factfinder would have found him
> guilty but for constitutional error at trial.  *See* R.C. 2953.23(A)(1).

*State v. Bear*, 4th Dist. Gallia No. 20CA9, 2021-Ohio-1539, ¶ 15.

**{¶12}** Heid filed his petition herein approximately *15 years* after his appeal

time expired, so his petition was clearly not filed in a timely manner.

Furthermore, Heid failed to allege that he was unavoidably prevented from

discovering facts necessary to support his petition herein until after the 180-day

deadline, nor could he persuasively make such an argument.  Heid pleaded

guilty in open court on August 5, 2005 to *two* counts of arson.  On that same day,

the trial court issued a judgment entry indicating that Heid pleaded guilty to *two*

counts of arson, and a copy of said entry was received by Heid on August 12,

2005.  Upon receipt of the court's judgment entry, he would have been aware of

any purported discrepancy in his plea.  Therefore, Heid was not unavoidably

prevented from discovery of evidence that purportedly showed a discrepancy in

his plea until after the expiration of the 180-day deadline.

**{¶13}** Accordingly, because Heid did not timely file his petition for post-conviction relief, and alternatively failed to show that he was unavoidably prevented from discovering the facts upon which support his claim until after the 180-day deadline, the trial court lacked jurisdiction to consider his petition herein. *Id.*, at ¶ 17, citing *State v. Brown*, 4th Dist. Scioto No. 16CA3770, 2017-Ohio-4063, ¶ 18.

### 3. Res Judicata

**{¶14}** Further, "res judicata applies to proceedings involving postconviction relief." *State v. Burton,* 4th Dist. Gallia No. 13CA12, 2014-Ohio-2549, ¶ 17, citing *State v. Szefcyk,* 77 Ohio St.3d 93, 95, 671 N.E.2d 233 (1996).

> "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment."

*Id.,* quoting State *v. Perry,* 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus.

**{¶15}** Similar to our analysis that the trial court lacked jurisdiction to consider Heid's petition because it was filed beyond the 180-day deadline, res judicata also barred the trial court's consideration of Heid's petition because he could have raised the accuracy of the transcript in a direct appeal, but did not.

**{¶16}** Technically, the trial court erred in denying Heid's petition, as opposed to dismissing it for lack of jurisdiction. *Brown*, 4th Dist. Scioto No.

16CA3770, 2017-Ohio-4063, ¶ 25.  However, as in *Brown*, the error here was harmless because "the outcome remains the same.  [Heid's] constitutional claims would have failed regardless because the claims were untimely."  *Id*.

### 4.  Colorable Claim for Relief

**{¶17}** Finally, even assuming arguendo the trial court had jurisdiction to consider Heid's petition, his petition fails to set forth "a colorable claim for post-conviction relief."  *State v. Walker*, 4th Dist. Lawrence No. 4CA16, 2005-Ohio-1584.  "A 'colorable claim' means '[a] plausible claim that may reasonably be asserted, given the facts presented * * *.' "  *State v. E.I. Du Pont De Nemours & Co.*, 2021-Ohio-2614, ¶ 16, quoting Black's Law Dictionary (11th Ed. 2019).

**{¶18}** Heid's assertion that he pleaded guilty to three counts of arson, as opposed to two, is directly contradicted in his motion for leave to file a delayed appeal in which he admitted that he pleaded guilty to aggravated arson under R.C. 2909.02 and arson under R.C. 2909.03.  Further, as we recognized in our analysis above, multiple documents in the record substantiate that Heid pleaded guilty to two counts of arson, not three.  In reviewing the record, we find nothing to support that Heid pleaded to anything other than two counts of arson.

**{¶19}** For all the aforementioned reasons, the trial court did not abuse its discretion in denying Heid post-conviction relief.

### B.  Audio Recording of Plea/Sentencing Hearing

**{¶20}** We now address the gravamen of Heid's assignments of error that assert that the trial court's failure to provide him the right to inspect the audio recording violated his due process rights.

### 1. Mootness

**{¶21}** Because the trial court lacked jurisdiction to consider Heid's petition for post-conviction relief, his request to inspect the audio recording was moot. *See State v. Sellars*, 2d Dist. Montgomery No. 28860, 2021-Ohio-1433, ¶ 21 (Because Sellars' petition for post-conviction relief was barred by res judicata, his request for grand jury transcripts was moot); *State v. Snyder*, 5th Dist. Licking No. 2008-CA-25, 2009-Ohio-2473 (Denial of Snyder's motion to reopen his appeal rendered moot his request for transcripts.).  For this reason alone, the trial court did not err in denying Heid's motion to inspect the audio recording. Nevertheless, in an effort to thoroughly address Heid's appeal, we will consider the two additional grounds Heid alleges support his argument to inspect the audio recording.

### 2. R.C. 149.43

**{¶22}** Heid first argues that the trial court abused its discretion in not permitting him to inspect the audio recording as a public record under R.C. 149.43, which permits the public access to certain records maintained by public offices.

**{¶23}** Initially we note that the clerk of courts is the custodian of records for the court pursuant to R.C. 2303.09.  Assuming, without deciding, that the audio recording is a public record, any request for access to the recording should have been made to the clerk of courts.  *See State ex rel. Highlanders v. Ruddock*, 103 Ohio St.3d 370, 2004-Ohio-4952, 816 N.E.2d 213, ¶ 15, citing R.C. 2303.09  ("The clerk of the court of common pleas shall file together and

carefully preserve in his office all papers delivered to him for that purpose in every action or proceeding"); R.C. 2501.16(A) ("The clerk of the court of common pleas, acting as the clerk of the court of appeals for the county * * * shall maintain the files and records of the court").  But Heid filed a motion for the *court* to provide him the ability to inspect the recording.  Therefore, Heid requested the record from the wrong entity.

{¶24} However, even assuming that Heid made a request with the clerk of courts, "R.C. 149.43(B)(8) requires an incarcerated criminal offender who seeks records relating to an inmate's criminal prosecution to obtain a *finding by the sentencing judge* or the judge's successor that the requested information is necessary to support what appears to be a *justiciable claim*." (Emphasis added.) *State ex rel. Fernbach v. Brush,* 133 Ohio St. 3d 151, 2012-Ohio-4214, 976 N.E.2d 889, ¶ 2, citing *State ex rel. Chatfield v. Flautt,* 131 Ohio St.3d 383, 2012-Ohio-1294, 965 N.E.2d 304.  A "justiciable" claim must be capable of affording appropriate relief.  *State v. Heid,* 4th Dist. Scioto No. 14CA3668, 2015-Ohio-1502, citing *State v. Seal,* 4th Dist. Highland No. 13CA10, 2014-Ohio-4168, ¶ 8. A trial court's determination under R.C. 149.43(B)(8) is reviewed under an abuse-of-discretion standard.  *Id.* at ¶ 14.

{¶25} Heid did not identify any finding by the trial court under R.C. 149.43(B)(8) that the audio recording was necessary to support a justiciable claim.  In fact, as we recognized above, the trial court found that Heid could not present a justiciable claim because multiple documents, including Heid's waiver of his rights, which was executed in open court, his plea form, which was

reviewed on the record with Heid present and contains his signature, and the judgment entry, all reflect that Heid pleaded guilty to two counts of arson.

**{¶26}** Because multiple documents in the record and the circumstances surrounding them (the plea was reached in open court with Heid being present, yet he did not object) indicate that Heid pleaded guilty to two counts of arson, Heid cannot set forth a justiciable claim that he in fact pleaded to three counts of arson.  Accordingly, we find that the trial court did not abuse its discretion in denying Heid's request to inspect the audio recording under R.C. 149.43.

### 3. App.R. 9(E)

**{¶27}** Heid further alleges that the trial court abused its discretion in denying his access to the audio recording pursuant to App.R. 9(E).  Heid claims that the trial court was required to permit him to inspect the audio recording because the alleged statements made therein conflicted with the transcript.

**{¶28}** App.R. 9(E) states in part, "If any difference arises as to whether the record truly discloses what occurred in the trial court, the difference shall be submitted to and settled by the court and the record made to conform to the truth."  Thus, "it is within the province of the trial court to resolve disputes about the record on appeal." *State v. Keene*, 81 Ohio St. 3d 646, 665, 1998-Ohio-342, 693 N.E.2d 246 (1998), citing *State v. Schiebel*, 55 Ohio St.3d 71, 81, 564 N.E.2d 54, (1990).

**{¶29}** The record is clear, Heid pleaded guilty to two counts of arson, not three.  Therefore, we find that the trial court did not abuse its discretion in denying Heid's motion to inspect the audio recording under App.R. 9(E).

CONCLUSION

**{¶30}** Heid claims that he has been deprived of his constitutional due process rights. We disagree. We find that the judicial system has afforded Heid due process, including the right to appeal (even though he did not timely exercise it), the right to seek leave to file a delayed appeal (that was denied), and two petitions for post-conviction relief, one that is the subject of this appeal.

**{¶31}** Pursuant to res judicata, and the trial court's lack of jurisdiction to consider Heid's untimely-filed petition for post-conviction relief, we find that the trial court did not abuse its discretion in denying such relief. Further, Heid's petition alleging that he pleaded guilty to three counts of arson rather than two is not supported by the record. Consequently, we further conclude that the trial court did not abuse its discretion in denying Heid the opportunity to access the audio recording of his plea/sentencing hearing, which became moot.

**{¶32}** Accordingly, we affirm the trial court's judgment entries denying Heid's petition for post-conviction relief and his motion to inspect the audio recording of his plea/sentencing hearing.

**JUDGMENTS AFFIRMED.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENTS BE AFFIRMED and costs be assessed to appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. and Abele, J.:  Concur in Judgment and Opinion.


For the Court,


BY:     _____
        Kristy S. Wilkin, Judge


**NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**